THE PEOPLE *ex rel.* KATHRYN KALIN, Plaintiff-Appellant, *v.* ROGER MATHEWS, Defendant-Appellee.

Third District    No. 78-407

---

Opinion filed May 16, 1979.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellant.

Roger Mathews, of Galesburg, for appellee, *pro se.*

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

A paternity complaint was filed against defendant Roger Mathews by the People of the State of Illinois *ex rel.* Kathryn Kalin, plaintiff, in the Circuit Court of Knox County. Defendant requested that blood tests be taken of plaintiff, of defendant and of the child, and pursuant to the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1356) and the Act on Blood Tests to Determine Paternity (Ill. Rev. Stat. 1977, ch. 40, par. 1401 *et seq.*), the court so ordered. Defendant, who was represented by the public defender, also requested that the costs of the tests be paid by the State of Illinois or by Knox County since defendant was indigent.

The test results established that defendant could not be the father of plaintiff's child. The court dismissed the complaint and ordered the Department of Public Aid of the State of Illinois to pay the $152 cost of the testing. The Department has perfected this appeal to challenge the order directing payment of the blood tests. No brief or other response has been filed on behalf of defendant, but, as recommended by the Illinois Supreme Court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall consider the merits of this appeal.

The Paternity Act provides for blood tests to be received into evidence and also provides:

"If the defendant is unable to pay the costs of the testing procedure, it shall be provided at the expense of the court." Ill. Rev. Stat. 1977, ch. 40, par. 1356.

The established rule of law for imposing liability for costs upon the State of Illinois has been set forth as follows:

"Statutes which in general terms authorize imposing costs in various actions or proceedings but do not specifically refer to the State are not sufficient authority to hold the State liable for costs.

The State's consent to the imposition of costs against it must appear in affirmative statutory language. [Citations.] This reflects that cost statutes, being in derogation of the common law, are to be strictly construed [citations], and that the rights of the sovereign are not impaired by general legislative enactments which apply to private rights unless an intent to make the State liable is expressed in the statute." (*Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 396, 367 N.E.2d 1302.)

In the *Department of Revenue* case, the supreme court issued a writ of mandamus ordering the appellate court to expunge its order requiring the Department to pay the costs of printing the excerpts of record in an appeal which the Department lost.

Applying this rule to the case before us, we conclude that since section 6 (par. 1356) of the Paternity Act does not specifically refer to the State, the trial court erred in ordering the Department to pay the costs of blood tests. Hence, we reverse the order of the Circuit Court of Knox County relating to payment of costs of blood tests, and we remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.