60234. CUMMINGS v. CARTER.

QUILLIAN, Presiding Judge.

This is an action by the mother of an illegitimate child to compel the father to provide support for the child. The complaint alleged that in a prior action for abandonment the issue of paternity had been adjudicated adversely to the alleged father. In his answer to the complaint the father denied paternity. The mother moved to strike the defense of non-paternity. The trial court denied the motion to strike, ruling that the prior finding of paternity in a criminal abandonment proceeding was not a bar to a subsequent defense of non-paternity in a civil proceeding. The mother appeals. *Held:*

While the law, generally and in Georgia, is that a criminal judgment is not a bar to a subsequent civil action arising from the same transaction (46 AmJur2d, 771, Judgments, § 614; *Webb v. McDaniel,* 218 Ga. 366 (2) (127 SE2d 900); *Seaboard Airline R. Co. v. O'Quin,* 124 Ga. 357 (52 SE 427)), the General Assembly has legislated specifically to the contrary concerning the paternity and support of illegitimate children.

Code Ann. § 74-9902 (Ga. L. 1866, p. 151, through 1976, p. 1015), concerning prosecutions for abandonment of children, in part provides: "In the event the verdict of the jury or the court shall be for acquittal of such person, and its reason for so doing is that such person is not the father or mother of the child alleged to have been abandoned, such person cannot thereafter again be tried for the offense of abandoning said child, and said verdict shall be a bar to all civil and criminal proceedings attempting to compel such person to support said child."

Code Ann. § 99-917b (Ga. L. 1973, pp. 192, 198; 1976, pp. 1537, 1546), states: "(a) Whenever a man has been adjudicated by a court of competent jurisdiction as the father of a child born out of wedlock, or whenever he has acknowledged paternity under oath in an administrative hearing, in court, or by verified writing, he shall be legally liable for the support of said child in the same manner as he would owe the duty of support if such child were his legitimate child. The right of the child born out of wedlock to receive such support is

enforceable in a civil action, notwithstanding any other provision of law."

Construing these statutes we find that the clear intent and mandate is that an adjudication of paternity by conviction of abandonment of a child is conclusive of paternity in any subsequent civil proceedings to compel support of the child.

Accordingly, the trial court erred in denying the motion to dismiss the defense of non-paternity.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED JULY 9, 1980 — DECIDED
SEPTEMBER 10, 1980 —

*Lavinia B. George,* for appellant.
*Nancy E. Gordon, Carl H. Hodges,* for appellee.