## 37835. RAINES v. WHITE.

GREGORY, Justice.

Appellant Raines is a defendant in a suit to determine paternity. See Code Ann. Ch. 74-3. Appellant denied being the father and objected to being ordered to submit to an "HLA" blood test. See Code Ann. § 74-306.[1] Appellant claims that Code Ann. § 74-306 violates the Fifth Amendment of the United States Constitution and Art. I, Sec. I, Par. XIII of the Georgia Constitution (Code Ann. § 2-113). The trial court ruled that the aforesaid code section does not violate either the

---

[1] The section reads, in part, as follows: "As soon as practicable after an action has been brought the court upon motion of the plaintiff, the defendant, or any other interested party, may order the mother, the alleged father, and the child to submit to any blood tests, including human leucocyte antigen (HLA) testing if available, which have been developed or established for purposes of disproving or proving parentage and which are reasonably accessible."

Fifth Amendment of the United States Constitution[2] or Art. I, Sec. I, Par. XIII of the Georgia Constitution.[3] We affirm.

Requiring appellant to submit to a blood test for the purpose of proving or disproving paternity, pursuant to Code Ann. § 74-306, would not compel appellant to be a witness against himself within the meaning of the Fifth Amendment of the United States Constitution, Schmerber v. California, 384 U. S. 757, 760—765 (86 SC 1826, 16 LE2d 908), nor would such procedure compel him "to give testimony tending in any manner to incriminate himself" within the meaning of the Georgia Constitution. *Strong v. State,* 231 Ga. 514, 519 (202 SE2d 428) (1973). *Creamer v. State,* 229 Ga. 511 (192 SE2d 350) (1972).[4]

*Judgment affirmed. All the Justices concur.*

Decided November 4, 1981.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*Charles J. Driebe, James E. Thompson, Harry A. Osborne, Arthur K. Bolton, Attorney General,* for appellee.

---

[2] ". . . nor shall any person . . . be compelled in any criminal case to be a witness against himself . . ."

[3] "No person shall be compelled to give testimony tending in any manner to incriminate himself."

[4] See also 21A AmJur2d, Criminal Law, § 948. It is generally recognized that it is not a violation of the privilege against self-incrimination to require submission to blood analysis tests.