## 62828. WHITE v. THE STATE.

BIRDSONG, Judge.

Thomas White was prosecuted under an accusation charging him with wilful abandonment of a minor illegitimate child. Though we do not have a transcript, it appears that White moved pursuant to Code Ann. § 74-9902 (h) to question parentage by means of the blood tests authorized in that section. The statute provides in substance that if parentage is contested, the putative father may request blood tests made of himself, the child and the child's mother as well as the necessary expert interpretation of those tests. The cost at least initially will be born by the father. White was unable to pay these costs for the alleged reason that he was unemployed and apparently the tests were not performed. Upon trial of the issue, White was found by the jury to be the natural father of the child but the jury found him not guilty of abandonment. White now brings this appeal asserting that the statute is unconstitutional in that it imposes the responsibility solely on the father who wishes to contest the parentage and not allowing for indigency to obviate the financial burden. The state moves to dismiss the appeal on the grounds that White, having been acquitted of abandonment, has presented nothing for this court to review. *Held:*

First of all, this accusation was brought under the criminal provisions of the code title dealing with parent and child. Thus, White faced the misdemeanor charge of wilful abandonment. He was acquitted of that charge. Of necessity there is nothing for this court to

review in relation to the accusation. The jury did determine that White was the natural parent. That amounts to a finding of a status, not criminal responsibility for a course of conduct proscribed by the state. It is a moot issue as a defense to the criminal action which resulted in acquittal. Even in a civil action, White does not demonstrate harm by the jury's conclusion that he was the father of an illegitimate child until such time as the power of the state, exercised through a court order, imposed some burden upon him. The record before us (in the absence of a transcript) does not reflect that White is required to do anything working to his financial or personal detriment.

Under the facts presented in this record, there is nothing for this court to review. Accordingly, the motion by the state to dismiss the appeal is granted, and the appeal is dismissed.

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1982.

*Robert E. Robinson,* for appellant.
*Andrew J. Ryan III, District Attorney,* for appellee.