39059. BOONE v. STATE OF GEORGIA, DEPARTMENT OF HUMAN RESOURCES ex rel. CARTER.

CLARKE, Justice.

This action arose when the Department of Human Resources brought an action against Mr. Boone seeking recovery of child support payments, alleging Boone to be the father of Daniel G. Carter. Boone denied paternity and this appeal raises a constitutional challenge to Code Ann. § 74-311 which governs the allocation of costs in a paternity action brought under Chapter 74-3.

This case puts in issue the question of whether the State can

require a putative father to pay the costs of a blood test requested by the State for the purpose of determining paternity when no hearing has been conducted on the merits of the case. The trial court answered the question affirmatively. We disagree.

The mother of Daniel G. Carter began receiving public assistance for the support of the minor child in 1976. Under the Child Support Recovery Act, Code Chapter 99-9B, the payment of public assistance creates a debt to the State by the parent responsible for support and the recipient of benefits is deemed to have assigned the right to receive child support to the State. Daniel's mother named Mr. Boone as the putative father of the minor child.

On December 23, 1981, the office of the district attorney for the Brunswick Judicial Circuit filed this action on behalf of the Department of Human Resources as authorized by Code Ann. § 99-918b.1. The petition for recovery of child support alleges Boone to be the father of the child and seeks reimbursement of $4,912.00 for previous public assistance payments as well as future support payments. Boone's answer asserts that he is not the father of Daniel G. Carter.

Pursuant to Code Ann. § 74-306, the department moved the court to order Boone to submit to a Human Leukocyte Antigen (HLA) blood test for the purpose of proving or disproving parentage. The department also asked that Boone be required to pay the costs of the blood test at the time they are made. Boone objected to that part of the motion requiring him to pay costs on the grounds that (1) he is indigent and (2) irrespective of indigency, costs of the test should not be assessed against him prior to any hearing on, or determination of, the merits of the paternity issue.

The court held a hearing at which evidence of Boone's financial status was received. The sole issue was ability to pay and the court ruled that Boone was not indigent. The court found the other constitutional arguments to be without merit and ordered Boone to pay costs and submit to HLA blood testing.

For purposes of this appeal, Boone does not challenge the finding that he is not indigent. He does contend that Code Ann. § 74-311 is unconstitutional in that it authorizes the court to require a defendant, in actions brought by the State, to pay costs prior to any hearing on the merits of the state's petition. Specifically he argues that such payments deprive him of his property without due process of law as guaranteed by the state and federal constitutions.

In paternity actions blood tests are not required but may be ordered by the court on a party's motion; the failure to comply with such an order is punishable by contempt. Code Ann. § 74-306.

We have held that a party may be compelled over self-

incrimination objections to submit to a blood test under Code Ann. § 74-306 without violating his constitutional rights. *Raines v. White,* 248 Ga. 406 (284 SE2d 7) (1981). Boone does not contend he may not be compelled to submit to an HLA test. His complaint is to the authority given the trial court under Code Ann. § 74-311 which provides: "The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pretrial proceedings, including blood and other tests, to be paid by the parties in proportions and at times determined by the court."

The State contends that the statute could offend due process only if it operated to deny an indigent paternity defendant access to HLA blood tests as was the case in Little v. Streater, 452 U. S. 1 (101 SC 2202, 68 LE2d 627) (1981). As in our case, the action against the putative father in Little was being pursued by the State to recover public assistance support monies. The Connecticut statute at issue provided that blood tests were admissible and that costs would be chargeable against the party moving for the tests. The posture of that case was different in that the motion for blood testing was made by the putative father who was found to be indigent. The court found that the action was actually brought by the State to recover funds for the State and that State action "pervaded" the case, triggering constitutional obligations and duties which may not be present when private parties are engaged in civil litigation. The court held that to deny access to blood tests in a paternity suit prosecuted by the State due to indigency of the defendant was a denial of due process.

The State argues that since Boone is not indigent, he is able to pay the costs of the tests and is therefore not denied meaningful access to a fair trial as in Little, supra. However, Boone is not the party moving for a blood test in this paternity action. If he were the moving party and able to pay for the tests there would be no constitutional prohibition to his being held responsible for such discovery costs in his behalf.

While the State, as the moving party, may compel a paternity defendant to submit to an HLA test, *Raines,* supra, we agree with Boone's contention that to compel him to pay costs at that stage of the proceeding is a taking of his property by the State in violation of Art. I, Sec. I, Paragraph I of the Georgia Constitution, "No person shall be deprived of life, liberty, or property, except by due process of law."

At this stage of the proceeding, there is only a bare allegation of Boone's paternity. There has been no hearing on the merits, nor any evidence presented bearing on the likelihood of the State to prevail on the ultimate issues. "To say that a plaintiff, by simply commencing an action and putting in motion the expensive

machinery of a court, can commit the estate of a defendant to the payment of such expenses or such costs as may be incurred, without a final judgment finding him in any sense an offender, is confiscation pure and simple, and abhorrent to every principal of justice and right." *Ward v. Barnes,* 95 Ga. 103, 106 (22 SE 133) (1894). The court in *Ward* recognized that in certain equity cases the court could be authorized by equitable principles and a balancing of interests to make interlocutory awards of costs prior to final judgment. While the State has a legitimate interest in the determination of paternity and recovery of public assistance funds from those who have a duty to support minor children, to allow the State to extract prepayment of costs for its benefit without the consent of the alleged offender violates principles of fundamental fairness which govern the relationship between this state and its citizens.

In *Brainard v. State,* 246 Ga. 586 (272 SE2d 683) (1980), we held that while the State may collect costs from a criminal defendant after conviction pursuant to Code Ann. § 27-3801, that part of the statute allowing the judgment to relate back to the time of arrest so as to create an inchoate lien on the property of the accused pending final determination was an unconstitutional deprivation of private property. It was recognized that while the taking could be temporary, the time between the deprivation and a determination on the merits could be substantial. The same principle applies here.

The holding in this case does not bear upon or change the existing rules which authorize the assessment of costs against losing parties in certain cases after a determination or hearing on the merits. Our holding is limited to instances in which payment is required before such a determination or hearing and to the extent that the statute allows the State to compel prepayment of its costs without a hearing on the merits, it is unconstitutional.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 1, 1982.

*Alexander & Zacker, Edward R. Zacker,* for appellant.

*E. Jerrell Ramsey, Assistant District Attorney, Michael J. Bowers, Attorney General, Mark H. Cohen, Staff Assistant Attorney General,* for appellees.