66741. BURNS v. SWINNEY et al.

SHULMAN, Chief Judge.

This appeal arises from an action to recover monies paid out pursuant to the Aid to Families with Dependent Children (AFDC) program. Appellant was ordered by the trial court to reimburse the state for one-half ($485) of the benefits paid to her two minor children between June 1981 and November 1981. Appellant appeals this judgment, contending that the state erred in failing to notify her of

the fact that her children were receiving aid from AFDC and that she could be held liable for reimbursement of those payments. Appellant further argues that the trial court erroneously based the judgment upon the finding that the state was subrogated to the claims of Debra Swinney, the children's stepmother.

Appellant and Bobby Joe Swinney were divorced in 1975 and the father was awarded custody of their two minor children. Between June and November of 1981, the children received support benefits totaling $970 from the AFDC program, and the state brought this action to recover those payments.

1. Appellant claims that the state failed to comply with OCGA § 19-11-10 (b) (Code Ann. § 99-909b), which requires notice to parents of their legal duty to support their children and of the possibility that the parents could be called upon to reimburse the state for the benefits paid on behalf of the children. Subsection (a) of OCGA § 19-11-10 (Code Ann. § 99-909b) reads: "In cases in which a parent's obligation to support has not already been established by a court order, the department [of Human Resources] may conduct investigations to determine whether a responsible parent is able to support the dependent child receiving public assistance. The department shall notify the parents of any such planned investigation." Subsections (b) through (d) of OCGA § 19-11-10 (Code Ann. § 99-909b) outline the substance of the notification required in subsection (a). In the present case, however, no such investigation took place, since the state bypassed the administrative level in favor of the judicial proceeding. Therefore, the notice requirements set out in OCGA § 19-11-10 (Code Ann. § 99-909b) are inapplicable to the case at bar. Furthermore, we are aware of no law, nor are we cited to any, that requires the state to notify absent parents that their children are receiving AFDC benefits. Accordingly, this enumeration is without merit.

2. Appellant claims that the trial court erred in basing the judgment on the state's subrogation rights to the stepmother's claims against appellant because appellant allegedly owed no duty to her. "The payment of public assistance to or on behalf of a child creates a debt due and owing the state by the *parent or parents responsible for the support of the child*." (Emphasis supplied.) OCGA § 19-11-5 (Code Ann. § 99-904b). "It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his child until the child reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order." OCGA § 19-7-2 (Code Ann. § 74-105). Appellant is still obligated to contribute her share for the support of the children notwithstanding the divorce decree awarding custody to the father. *Garrett v. Garrett,*

172 Ga. 812 (159 SE 255). Reimbursement of this debt to the state is secured by the provisions of OCGA §§ 19-11-6 (Code Ann. § 99-905b) and 19-11-7 (Code Ann. § 99-917b), whereby the state is subrogated to the rights of the children or their custodian to initiate a support action to recover the payments the natural parents were obligated to make. Whether the stepmother had a right to initiate the support action is irrelevant in the present case. The pertinent facts of the case are that appellant was the children's natural mother, her support obligation had not been altered by any court order, her children had received benefits from the AFDC program, and the state was entitled by statute to reimbursement of these payments by the parents. We find no error in the trial court's judgment.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983 —
REHEARING DENIED NOVEMBER 18, 1983 — 

*Alex Kritz, John Riemer, William J. Cobb,* for appellant.

*Stephen A. Williams, District Attorney, Dianne Cook, Assistant District Attorney, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Ralph M. Hinman,* for appellees.