40105. PIERCE v. THE STATE.

SMITH, Justice.

This is an interlocutory appeal from appellant's trial for the crime of child abandonment, a misdemeanor. Appellant seeks to establish that he is not the father. In the trial of any abandonment proceeding where, as here, the question of parentage arises, the accused father may request a paternity blood test, but he must initially pay for it himself. OCGA § 19-10-1 (f) (Code Ann. § 74-9902). However, appellant is indigent and challenges the constitutionality of the statute, claiming that it violates the equal protection and due process clauses of the Fourteenth Amendment of the Constitution of the United States in that access to evidence potentially conclusive as to his innocence is denied him because of his inability to pay for the test. The trial court denied his motion for county funds for the test.

We reverse.

OCGA § 19-10-1(f) (Code Ann. § 74-9902) establishes the right of an accused father in an abandonment proceeding to request a paternity blood test "and agree and arrange to pay for same." He may also, upon motion, compel the mother and the child to submit to "any blood tests and comparisons which have been developed and adapted for purposes of establishing or disproving parentage . . ." The requested test has been verified to provide over 90% cumulative probability of negating an erroneous accusation of paternity.[1] As to bearing the expense of these tests, section (f)(2) provides: "The court shall require the defendant requesting the blood tests and comparisons pursuant to this subsection to be initially responsible for any of the expenses thereof. Upon the entry of a verdict incorporating a finding of parentage or nonparentage, the court shall tax the expenses for blood tests and comparisons, in addition to any fees for expert witnesses whose testimonies supported the admissibility thereof, as costs."

It is clear that a putative father is entitled to have the blood grouping test made and received into evidence pursuant to the statute. The question now before us is whether requiring an indigent putative father to bear the initial burden of paying for the test is violative of the due process or equal protection clauses of the Fourteenth Amendment.

In *Boone v. State,* 250 Ga. 379 (297 SE2d 727) (1982), we looked at a close but not identical problem and ruled on state due process grounds that the state cannot require a putative father to pay the costs of a blood test requested by it for purposes of determining paternity when no hearing has been conducted on the merits of the case. In examining this question we addressed Little v. Streater, 452 U. S. 1 (101 SC 2202, 68 LE2d 627) (1981), which stands for the proposition that to deny access to blood tests in a paternity suit, prosecuted by the state, due to the defendant's indigency is a denial of due process. However, we distinguished Little in that the appellant in *Boone* was neither an indigent nor the party moving for administration of the test. Now, however, we are presented with the question anticipated but not decided by *Boone.*

In cases from other jurisdictions involving public payment for

---

[1] For a full discussion of the scientific basis and statistical validity of blood grouping tests see Miale, Jennings, Rettberg, Sell & Krause, Joint AMA-ABA Guidelines: Present Status of Serologic Testing in Problems of Parentage, 10 Family L. Q. 247 (Fall 1976). See also Little v. Streater, 452 U. S. 1, 8 (101 SC 2202, 68 LE2d 627) (1981).

blood grouping tests for indigents in paternity proceedings the trend is to provide the test at state expense, especially where there is the risk of a criminal penalty. See Kennedy v. Wood, 439 NE2d 1367 (Ind. App. 1982); Commonwealth v. Possehl, 355 Mass. 575 (246 NE2d 667) (1969); People v. Marshall, 82 Mich. App. 92 (266 NW2d 678) (1978); Smith v. Walker, 138 N. J. Super. 187 (350 A2d 319) (Cty. Ct. 1975); Anderson v. Jacobs, 68 Ohio St. 2d 67 (428 NE2d 419) (1981); West Virginia v. Daugherty, (266 SE2d 142) (1980). But see Ferro v. Morgan, 35 Conn. Sup. 679 (406 A2d 873) (1979); People v. Mathews, 71 Ill. App. 3d 379 (389 NE2d 952) (1979).

Although this is a case of abandonment, not paternity, appellant sought to defend by making an issue of the child's parentage, and we believe the constitutional problems are sufficiently similar to analogize from the foregoing paternity cases.

In Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891) (1956), the U. S. Supreme Court held that the due process and equal protection clauses of the Fourteenth Amendment were violated where a state statute, which provided for writs of error in all criminal cases, was administered so as to deny full appellate review to indigents solely because of their inability to pay the costs of a transcript. The court held that the ability to pay the costs of a transcript did not bear a rational relationship to a defendant's guilt or innocence and could not be used to deprive an indigent defendant of the appeal available to nonindigents.

This analysis has been applied in other states where an indigent defendant sought a blood test in a paternity action. In Walker v. Stokes, 45 Ohio App. 2d 275 (344 NE2d 159) (1975), the court recognized in a bastardy proceeding that "the right to obtain the result of [a blood test] is an important right in making a defense against the charge. The cost of such a test cannot be allowed to deprive the defendant appellant of this right, especially since the charge against him is one that is regarded as 'quasi-criminal' in nature," and the defendant's ability to pay bears no rational relationship to his guilt or innocence. Id. at 277-78. "The legal principles established in Griffin v. Illinois, which require the state to provide an indigent defendant with a transcript of the record on appeal in a criminal case, apply equally to the instant case, and a proper application of these principles require the State of Ohio to tax as costs the expense of a blood test for those defendants involved in a bastardy action who are unable to pay for the test themselves." Id. at 278.

We agree with this reasoning and with appellant's contention that OCGA § 19-10-1(f)(2) (Code Ann. § 74-9902) is violative of the equal protection and due process clauses of the Fourteenth

Amendment to the Constitution of the United States in that persons determined to be indigent are initially responsible for the expense of paternity blood tests they request pursuant to the statute.[2] It was error for the trial court to deny this indigent appellant's motion for a paternity blood test at county expense in a prosecution for abandonment where the test could have conclusively demonstrated his innocence.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1983.

*Nancy A. Askew,* for appellants.

*Spencer Lawton, Jr., District Attorney, Carmel W. Sanders, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[2] There is no meaningful distinction between a rule which would deny per se the indigent the right to submit evidence of paternity blood tests and one which effectively denied an indigent person opportunity to present exculpatory evidence otherwise available to all who have the money to be initially responsible for the test's expense. Consequently both the due process and equal protection clauses protect persons like the appellant from discrimination.