## 40424. BURNS v. THE STATE.

SMITH, Justice.

Charles Burns was accused of the offense of child abandonment, OCGA § 19-10-1 (Code Ann. § 74-9902). He denied paternity and moved for funds to pay for a blood test, as he was an indigent. His motion was denied and the case proceeded to trial. The court, pursuant to OCGA § 19-10-1 (i) (Code Ann. § 74-9902), charged the jury as to three possible verdicts — guilty, not guilty, or "not guilty because he is not the father of the child." The jury returned a verdict of simply "not guilty," and now Burns appeals, contending that it was error to overrule his motion for funds for a blood test, and that he was entitled to a directed verdict in light of testimony by the child's mother that was inconsistent with judicially noticed principles of human gestation.

Even though he was acquitted of the offense of child abandonment, Burns contends that the form of the verdict permits the inference that the jury believed him to be the father of the child. Therefore, he submits, the issue of paternity has been concluded against him and he will be unable to deny it should he be charged again at some later time with abandonment or in some other action based on the finding of paternity. We reverse.

1. First, however, we address the question of whether this case presents an issue for review on appeal. Although Burns was charged with child abandonment and acquitted of that offense, he defended on the ground that he was not the child's father and sought to have public funds allotted to pay for a possibly exculpatory blood test. Burns clearly made paternity an issue in the case and the verdict returned by the jury just as clearly decided that issue. Examining the record of the proceeding below, and taking into account the pleadings, evidence, and charge, we conclude that the issue of paternity necessarily had to be adjudicated in order to reach a verdict upon the issue which the appellant now contends is foreclosed from further judicial consideration. See *Powell v. Powell,* 200 Ga. 379 (2)

(37 SE2d 191) (1946). Therefore we find that Burns, despite having been acquitted of the offense of child abandonment, has presented a question reviewable on appeal.[1] The decision in *White v. State,* 160 Ga. App. 857 (288 SE2d 574) (1982), wherein an acquittal of a charge of wilful abandonment was held to not present a matter for appellate review in that no immediate burden was imposed, is overruled to the extent that it is in conflict with this opinion.

2. Burns enumerates as error the denial of his motion for funds for a blood grouping test. We agree that it was error to deny Burns' motion in this case. We have recently ruled that OCGA § 19-10-1 (f) (2) (Code Ann. § 74-9902) is violative of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States (Code Ann. § 1-815 et seq.) to the extent that persons determined to be indigent are initially responsible for the expense of paternity blood tests they request pursuant to the statute. *Pierce v. State,* 251 Ga. 590 (308 SE2d 367) (1983). The error complained of is harmful in that additional evidence provided the jury as to the blood test results may be significant in determining whether Burns is not the father of the child and is not guilty of abandonment for that reason. According to the statute, such a jury verdict bars any subsequent action against the defendant for the offense of abandoning that child as well as all civil and criminal proceedings attempting to compel the person to support the child. OCGA § 19-10-1 (i) (Code Ann. § 74-9902).

3. The enumeration citing as error the denial of Burns' motion for a directed verdict is without merit.

Therefore the judgment in this case is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 16, 1984.

*Landau & Davis, Richard D. Hall,* for appellant.
*Hobart M. Hind, District Attorney, Columbus B. Burns III,*

---

[1] See *Cummings v. Carter,* 155 Ga. App. 688 (272 SE2d 552) (1980), a case wherein a prior adjudication of paternity by conviction of abandonment was held to be conclusive of paternity in a subsequent civil proceeding to compel support, and *Thornton v. State,* 136 Ga. App. 655 (222 SE2d 158) (1975), where the defendant was acquitted of a prior charge of abandonment but failed to introduce into evidence at a later trial charging him with the same offense the record of the earlier proceeding.

*Assistant District Attorney,* for appellee.