## 40583. DEPARTMENT OF HUMAN RESOURCES, ex rel. JACKSON v. JACKSON.

GREGORY, Justice.

The Department of Human Resources filed a civil action in Baldwin Superior Court alleging Willie L. Jackson, Jr. is the natural father of the minor child, Charlotte Jackson. The complaint contended the State of Georgia had, at the mother's request, provided public assistance for the child in the past. Recovery of the previous public assistance paid, future support for the child, and costs, including attorney fees for the action, were sought. Jackson denied paternity and requested blood tests. The court ordered blood tests of the child, the mother and Jackson with the cost to be initially paid by the State if Jackson should establish that he is indigent. The trial court certified this order for immediate review and we granted the State's application for interlocutory appeal. We affirm.

1. The court below, in well considered conclusions of law, based its order for blood tests and initial payment of costs by the State on due process requirements. It found the cases of Little v. Streater, 452 U. S. 1 (101 SC 2202, 68 LE2d 627) (1981); and *Boone v. State of Ga., Dept. of Human Resources, ex rel. Carter,* 250 Ga. 379 (297 SE2d 727) (1982) controlling.[1] The State argues this case is not controlled by those opinions because the putative father here has a meaningful opportunity to be heard on available evidence apart from blood tests, and due process requires no more.

We find it unnecessary to reach the constitutional issues presented because the legislature has provided by statute that the trial court, in cases involving determinations of paternity, may order blood tests and may determine which party shall pay costs and at what times they shall be paid. The authority is statutory. Therefore, even if not constitutionally required, the court was authorized to initially place the burden of paying costs upon the State.

---

[1] Little, supra, involved a Connecticut statute requiring the cost of blood tests in paternity actions be paid by the party requesting them. The Supreme Court found a violation of due process where the statute had the effect of denying the test to an indigent putative father. In *Boone,* supra, this court found a violation of due process in circumstances where a statute (OCGA § 19-7-50) (Code Ann. § 74-311) permitted a court, in a paternity action, to require a non-indigent putative father to pay the cost of blood tests requested by the State prior to a hearing on the merits. More recently, in *Pierce v. State,* 251 Ga. 590 (308 SE2d 367) (1983), a criminal abandonment action, we held it unconstitutional on due process and equal protection grounds to require, under OCGA § 19-10-1 (f) (Code Ann. § 74-9902), an indigent putative father to initially bear the cost of blood tests requested by him. See also, *Burns v. State,* 252 Ga. 140 (312 SE2d 317) (1984).

Our Code governing the parent and child relationship includes an article providing for the determination of paternity. OCGA § 19-7-40 et seq. (Code Ann. § 74-301). The authority for the Department of Human Resources to become a party to a paternity action in the name of and for the benefit of a child is given. OCGA § 19-7-43 (Code Ann. § 74-304). The court may order blood tests, including human leucocyte antigen (HLA), the test sought by Jackson in this case. The statute gives the court authority to order the parties to pay costs "in proportions and at times determined by the court." "Costs" expressly include the cost of blood tests. OCGA § 19-7-50 (Code Ann. § 74-311). The State, acting through the Department of Human Resources, is a party to this action. The trial court's order goes no further than the statutory authority given. There is no constitutional issue.

2. The remaining enumerations of error raise two constitutional doctrines which assertedly override the trial court's determination that due process demanded its order for payment of costs. They are sovereign immunity which precludes a money judgment (costs) against the State, and the exclusive grant of appropriation power to the legislature (hence the State cannot be ordered by a court to pay costs). These enumerations of error need not be considered because, as demonstrated in Division one, there is statutory authority for the trial court's order without resort to due process considerations.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Joseph H. Briley, District Attorney, Shane Michael Geeter, Assistant District Attorney,* for appellant.

*Alan W. Thrower,* for appellee.

*Joseph W. Braid, Lillian M. Moy, Mary R. Carden,* amicus curiae.