### 40820. PETERSON v. MOFFITT et al.
(319 SE2d 449)

BELL, Justice.

On January 1, 1983, Leslie Anne Moffitt, while unmarried, gave birth to Michael Jerrod Moffitt. The mother sought public assistance for her child, and to comply with a requirement established by the Department of Human Resources (the Department), she named the appellant, Ernest Eric Peterson, as the child's father. See OCGA § 19-11-13; § 19-11-24; 42 USC § 654 (4). Subsequently, the Department filed a civil paternity action pursuant to OCGA § 19-7-43 against Peterson, alleging that he is the father of Michael Jerrod Moffitt. The Department contended that the child was a recipient of public assistance from the State of Georgia, and it prayed for the court to declare Ernest Eric Peterson the father of Michael Jerrod Moffitt and to order Peterson to furnish support for the child. Peterson denied he was the father, and, pursuant to OCGA § 19-7-45, moved the court to require Leslie Anne Moffitt and Michael Jerrod Moffitt to undergo blood testing along with himself. Contending that he was indigent, Peterson also requested that the costs of the tests be initially taxed to the state. After a hearing the trial court ordered blood testing of the child, the mother, and Peterson. Although it found Peterson to be indigent, the court denied Peterson's request to require the state to

make pre-trial payment of the costs of the blood tests.[1]

The trial court certified its order for immediate review, and we granted Peterson's application for interlocutory appeal. Relying on Little v. Streater, 452 U. S. 1 (101 SC 2202, 68 LE2d 627) (1981), Peterson contends that because he is indigent, the failure of the trial court to tax the costs of the blood tests against the state effectively denies him access to the tests, and amounts to a denial of due process. We agree.

In Little v. Streater, supra, the Supreme Court considered the exact question now before us.[2] In that case public assistance was being provided for a child whom the mother alleged was the daughter of Little. The State of Connecticut instituted paternity proceedings against Little to establish his liability for the child's support. The Connecticut statute at issue provided that results of blood tests were admissible and that their costs were to be paid by the party requesting them. Little, the putative father, moved the trial court to order that blood tests be administered, and, contending that he was indigent, he requested that the costs be assessed against the state. The trial court found Little to be indigent and ordered that the blood tests be given; however, it denied Little's request that the tests be furnished at the state's expense.

The Supreme Court found that to require an indigent putative father to pay the costs of blood tests effectively denied him access to valuable evidence that would help to insure the correctness of the paternity decision, id. at 14, and it held that the denial of that valuable procedural safeguard in a state-prosecuted paternity action amounted to a violation of due process. "Without aid in obtaining blood test evidence in a paternity case, an indigent defendant, who faces the State as an adversary when the child is a recipient of public assistance . . . lacks 'a meaningful opportunity to be heard.' [Cit.] Therefore, 'the requirement of "fundamental fairness"'' expressed by the

---

[1] Pursuant to OCGA § 19-7-50 a trial court is authorized to order the parties in a paternity action to pay the costs of that action, including the costs of blood tests, "in proportions and at times determined by the court."

[2] In *Department of Human Resources, ex rel. Jackson v. Jackson*, 252 Ga. 403 (1) (314 SE2d 105) (1984), the constitutional issue now before us was presented; however, we declined to reach it because the case could be and was decided on statutory grounds alone. Moreover, although in *Boone v. Department of Human Resources*, 250 Ga. 379 (297 SE2d 727) (1982), we considered an issue similar to that presented in the present case, the constitutional analysis employed therein does not bear directly on this case. *Boone* involved a state-instituted paternity action against a putative father who was not indigent. The trial court, upon the state's request, ordered that blood tests be administered and that the putative father pay for them. We found that Little v. Streater, supra, was not controlling since Boone was not indigent. However, we also found that, when the state requests the blood tests, to require the putative father to pay for them before a hearing on the merits of the case amounts to an unconstitutional taking of property. *Boone v. State*, supra, 250 Ga. at 381-382.

Due Process Clause was not satisfied here. [Cit.]" Id. at 16. See also *Pierce v. State*, 251 Ga. 590 (308 SE2d 367) (1983); *Burns v. State*, 252 Ga. 140 (312 SE2d 317) (1984).

In the instant case, the trial court's denial of Peterson's request to initially tax the costs of the blood tests against the state leaves him with the responsibility of paying for the tests, and, because of his indigency, effectively denies him access to blood test evidence. Therefore, we are compelled to follow Little v. Streater, supra, and hold that the trial court's decision amounts to a violation of due process. See also *Pierce v. State*, supra; *Burns v. State*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*James S. Purvis, W. E. Lockette, Gregory W. Valpey-Toussignant*, for appellant.

*Hobart M. Hind*, District Attorney, *Columbus B. Burns III*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Mary Foil Russell*, for appellees.