## 69315. DEPARTMENT OF HUMAN RESOURCES v. CARLTON.
### (329 SE2d 181)

POPE, Judge.

The Department of Human Resources (DHR) brought this action against Sidney C. Carlton in Decatur County Superior Court, alleging that Carlton is the parent of Sidney C. Crump and is liable for the support of the child. The action was brought pursuant to the Child Support Recovery Act, OCGA § 19-11-1 et seq. Carlton answered and moved to dismiss the action for lack of subject matter jurisdiction. The trial court granted the motion to dismiss, holding that establishment of paternity is jurisdictional and must be done in a manner provided by OCGA § 19-11-3 (5) before an action for support can be maintained against the putative father. DHR now appeals. *Held:*

We reject Carlton's argument that the superior court has appellate jurisdiction only under OCGA § 19-11-1 et seq. The act does provide for an administrative procedure governed by the Administrative Procedure Act (see OCGA § 19-11-4); however, OCGA § 19-11-22 specifically provides that the procedures set out in the act are not exclusive but are in addition to all other proceedings provided by law. Thus, DHR may bypass the administrative proceedings in favor of

judicial proceedings to enforce the provisions of the Child Support Recovery Act. See *Burns v. Swinney*, 168 Ga. App. 902 (1) (310 SE2d 733) (1983), revd. on other grounds, 252 Ga. 461 (314 SE2d 440) (1984). See also *Boone v. Ga. Dept. of Human Resources*, 250 Ga. 379 (297 SE2d 727) (1982), and *Dept. of Human Resources v. Jackson*, 252 Ga. 403 (1) (314 SE2d 105) (1984), which tacitly approve the method used by DHR in the present case of bypassing administrative procedure in favor of judicial proceedings.

*Boone* and *Jackson*, supra, also support our conclusion that DHR may, in one judicial proceeding, seek to establish paternity and an obligation of support pursuant to the Child Support Recovery Act. In both *Boone* and *Jackson*, DHR followed the same procedure as it did in this case; it brought an action alleging paternity and seeking to establish support obligations for the putative father. If the procedure followed by DHR rendered the superior court without subject matter jurisdiction, the Supreme Court would have noted it and reversed for that reason. "When this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject matter and the case is brought here for review, this court on its own motion will reverse the judgment. [Cit.] This is true whether the question of jurisdiction be raised or not raised in the trial court or in the bill of exceptions. [Cit.]" *Lackey v. Lackey*, 216 Ga. 177, 178 (115 SE2d 565) (1960). However, the Supreme Court did not reverse either case for jurisdictional grounds.

Under OCGA § 19-7-40 the superior court is granted concurrent jurisdiction with the state court in all paternity proceedings involving children who are residents of the state. OCGA § 19-7-43 (4) authorizes DHR to bring a petition to establish the paternity of a child for whom public assistance has been furnished or whose custodian has applied for assistance for the child. As stated above, the Department of Human Resources also may enforce support from a parent of a child receiving public assistance pursuant to OCGA § 19-11-1 et seq. Such action may be brought originally in the superior court. Ga. Const. 1983, Art. VI, Sec. IV, Par. I; OCGA § 19-11-22; *Burns v. Swinney*, supra. Therefore, we see no reason to bar DHR from bringing both actions in one suit. OCGA § 9-11-8 (e) (2) allows a party to state as many separate claims as he has. Establishment of paternity is therefore not jurisdictional under the Child Support Recovery Act, but rather it is only an essential element without proof of which recovery may not be effected. For the foregoing reasons, the trial court erred in dismissing the petition.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 20, 1985 — 

*J. Brown Moseley, District Attorney, William F. Riley, Jr., Assistant District Attorney, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Mary Foil Russell, Staff Assistant Attorney General,* for appellant.
 *Ben Kirbo,* for appellee.