## A90A0176. PINSON v. THE STATE.
(391 SE2d 28)

DEEN, Presiding Judge.

Appellant Pinson was found guilty of the offense of abandonment and non-support of his minor child, OCGA § 19-10-1. In appealing from this judgment he enumerates two errors: (1) the trial court erred in admitting into evidence the report on the blood test performed to determine the likelihood *vel non* of paternity, in that the chain of custody of the blood samples was allegedly not sufficiently established; and (2) that the trial court violated defendant/appellant's constitutional right against self-incrimination by ordering him to undergo a blood test pursuant to OCGA § 19-7-5. *Held*:

1. OCGA §§ 19-7-46 and 19-10-1 expressly permit the admission into evidence of blood tests such as that at issue here "when offered by a duly qualified geneticist, or other duly qualified person." Our examination of the trial transcript reveals that appellant stipulated to

the qualification of the laboratory official as an expert witness. The transcript further reveals that this witness testified that the blood samples involved in the test were handled according to the laboratory's normal procedures, and that the laboratory's "internal chain of custody" of the samples was maintained at all times. We find no error in the admission of this evidence, and appellant's first enumeration is devoid of merit.

2. OCGA § 19-7-45 expressly authorizes the trial court to order blood tests when, as in the instant case, properly requested. As to violation of the constitutional guarantees against self-incrimination, the Supreme Court held in *Raines v. White*, 248 Ga. 406, 407 (284 SE2d 7) (1981), that requiring a blood test for the purpose of proving or disproving paternity "would not compel appellant to be a witness against himself within the meaning of the Fifth Amendment of the United States Constitution [cit.] nor would such procedure compel him 'to give testimony tending in any manner to incriminate himself' within the meaning of the Georgia Constitution." See also *Smith v. City of East Point*, 189 Ga. App. 454 (376 SE2d 215) (1988). Georgia's highest court having expressly held the challenged requirement to be constitutional, appellant's second enumeration is also without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully but wish to point out that the wording in the Georgia Constitution quoted in *Raines v. White*, 248 Ga. 406, 407 (284 SE2d 7) (1981), has changed somewhat. It now is "to be self-incriminating" instead of "to incriminate himself." Ga. Const. 1983, Art. I, Sec. I, Par. XVI. Although it is the latter which applies to this case, the result is the same.

DECIDED FEBRUARY 13, 1990.

*Charles E. Muskett*, for appellant.
*John H. Cranford, Solicitor*, for appellee.