## A94A0028. WHITMAN v. STATE OF GEORGIA.
### (442 SE2d 313)

POPE, Chief Judge.

Accused of misdemeanor child abandonment, defendant Mark Whitman pled not guilty and denied paternity. After a bench trial defendant was acquitted on the general grounds, yet appeals from that judgment of acquittal, contending that he was entitled to a binding determination that he was, in fact, not the father of the allegedly abandoned child.

1. The State's motion to dismiss this appeal, premised upon the authority of *White v. State*, 160 Ga. App. 857 (288 SE2d 574) (1982), is denied. See *Burns v. State*, 252 Ga. 140 (1) (312 SE2d 317) (1984).

2. The parties have been unable to locate the transcript of the proceedings. Rather than re-create the record pursuant to OCGA § 5-6-41 (g) or (i), they rely upon the following facts, as recited in the order of the trial court: At the call of his case, defendant consented to a bench trial and announced ready. The State then stipulated that the evidence would not be sufficient to show either defendant's paternity or his wilful abandonment beyond a reasonable doubt. It was also stipulated that, were defendant to testify, he would deny paternity. Defendant requested that the trial court make a specific finding of non-paternity. The trial court entered a general judgment of acquittal upon the criminal charge of abandonment. However, the court concluded that the evidence of paternity was inconclusive such that the court could not determine whether defendant "is or is not" the father.

Defendant contends that, under the undisputed facts, he was en-

titled to judgment declaring that he is not the father, pursuant to OCGA § 19-10-1 (i). That Code section provides, in pertinent part, that where the accused contends that he is not the father, the judge "shall charge the jury that *if* its verdict is for the acquittal of the person *and* its reason for so finding is that the [accused] is not the father . . . of the child alleged to have been abandoned, *then* its verdict shall so state." (Emphasis supplied.) Id. Likewise, *if*, after a bench trial, the court renders a judgment of acquittal based on the contention that the accused is not the father, *then* "the trial judge shall so state this fact." Id. A judgment of acquittal based on the ground that the accused is not the father "shall be a bar to all civil and criminal proceedings attempting to compel the person to support the child." Id.

OCGA § 19-10-1 (i) is an exception to the use of a general verdict form in criminal cases as provided by OCGA § 17-9-2. It authorizes but does not require the trier of fact to return a special verdict as to the issue of paternity. In order to return the special verdict of acquittal authorized by OCGA § 19-10-1 (i), the trier of fact must be convinced by a preponderance of the evidence that the defendant is not in fact the natural parent of the abandoned child. The trial judge here, as the finder of fact, was authorized to disbelieve defendant's self-serving statement that he was not the father and conclude that the evidence was inconclusive as to paternity. Defendant's argument that, because the State has failed to prove paternity beyond a reasonable doubt, the opposite fact has been established, is without merit. "[A]n adjudication of paternity by conviction of abandonment of a child is conclusive of paternity in any subsequent civil proceedings to compel support for the child." *Cummings v. Carter*, 155 Ga. App. 688, 689 (272 SE2d 552) (1980). The converse proposition, however, does not follow. The failure to prove paternity beyond a reasonable doubt does *not* necessarily mean that the defendant is not the father of the abandoned child. In this regard, we disapprove of the suggested pattern jury instruction as to the form of the verdict. The pattern charge should simply state that where the jury finds "that the defendant is not the parent of the child . . . , in that event you should acquit the defendant, and the form of your verdict would be: 'We the jury, find the defendant not guilty *by reason of the fact that [he] is not the parent of the child.*' " (Emphasis supplied.) The pattern charge should exclude the language which suggests that a "reasonable doubt" concerning paternity mandates a special verdict. When the jury entertains this reasonable *doubt* as to the parentage of the defendant *without* being convinced that defendant is *not* the parent, the only authorized form of the verdict is a general acquittal. Neither party here took advantage of blood testing in an effort to inject scientific objectivity into the pertinent inquiry. The evidence did not demand a find-

ing that defendant is not the father. The judgment of the trial court acquitting defendant of abandonment, without making a finding of paternity, is affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 22, 1994.

*William G. Quinn III*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Assistant Solicitor, Yvonne. A. Twyman-Williams*, for appellee.