45427.  ZURICH INSURANCE COMPANY et al.
v. SPENCE.

QUILLIAN, Judge. The minor dependents of Herbert W. Spence filed a claim for workmen's compensation benefits due as a result of their father's death from silicosis, an occupational disease. There was an award granting the dependents compensation from which the employer appealed. *Held:*

1. The evidence was sufficient to support the finding of fact in the award that the deceased's death resulted from the occupational disease silicosis which was due to the nature of his occupation as a stone cutter. However, the amount of compensation granted in the award was erroneous.

The evidence showed that the deceased became totally disabled as a result of silicosis on January 6, 1966, and died September 1968. The date of the injury in regard to occupational disease is stated in *Code Ann.* § 114-801 (Ga. L. 1946, pp. 103, 104; 1963, pp. 141, 159), which provides in part: "the disablement or death of an employee resulting from an occupational disease, as hereinafter listed and defined, shall be treated as the happening of an injury by accident." Therefore, the injury to the deceased in the present case took place on the date he became totally disabled which was January 6, 1966. Under the provi-

sions of *Code Ann.* § 114-413 (Ga. L. 1939, p. 234; 1949, pp. 1357, 1359; 1955, pp. 210, 214; 1963, pp. 141, 150; 1968, pp. 3, 5), the dependents are entitled to 85% of the compensation which the deceased employee would have received for total disability as set forth in *Code Ann.* § 114-404 (Ga. L. 1937, pp. 528, 531; 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 145). The benefits to which the deceased would have been entitled for total disability would have been computed by the provisions of the Workmen's Compensation Act in effect at the time of his accident. The award granting compensation to the dependents was based on the 1968 amendment to *Code Ann.* § 114-404 (Ga. L. 1968, pp. 3, 4). This was error. The compensation benefits payable to the dependents should have been computed by the provisions of *Code Ann.* § 114-404 which were in effect at the time the deceased sustained his accident which was in 1966.

The judgment of the superior court is reversed with direction that the case be remanded to the State Board of Workmen's Compensation for an award to be entered in accordance with that which is held herein.

*Judgment reversed with direction. Bell, C. J., and Whitman, J., concur.*

SUBMITTED JUNE 1, 1970—DECIDED SEPTEMBER 18, 1970.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox, II,* for appellants.

*Richard W. Best,* for appellee.