A93A1915. RAINWATER v. THE STATE.
(436 SE2d 772)

McMURRAY, Presiding Judge.

Defendant Rainwater was charged with the offense of abandonment. Upon the trial of the case, defendant denied all elements of the offense charged. The jury acquitted defendant of the charge of abandonment, but found that he was the father of the child alleged to have been abandoned. Defendant appeals the judgment entered on the jury's determination of paternity. *Held*:

1. Lest there be some concern as to our jurisdiction to consider

defendant's appeal in the face of his acquittal of the charge of abandonment, we note that prior decisions hold that the determination of paternity presents a question reviewable on appeal. See *Burns v. State*, 252 Ga. 140 (1) (312 SE2d 317) overruling *White v. State*, 160 Ga. App. 857 (288 SE2d 574).

2. While acknowledging that pursuant to OCGA § 19-7-45 the State is entitled to an order compelling him to submit to a human leucocyte antigen ("HLA") paternity test, defendant contends that the State is entitled to no more than one such test. In the case sub judice, defendant showed that he had submitted to a previous test in connection with a civil action pending in Douglas County, wherein the State, acting through the Department of Human Resources and represented by an assistant district attorney, sought to establish that defendant was the father of the child.

Defendant contends that the trial court erred in granting the State's motion so as to compel him to submit to a second HLA paternity blood test. However, this argument appears to be predicated only upon the language of the statute and on our decision in *Pinson v. State*, 194 Ga. App. 506 (391 SE2d 28). We find nothing in either of these sources, or elsewhere, which supports defendant's position and can easily anticipate various circumstances under which such a rule would impair the clear legislative purpose of the statute. There is no indication that the repetition of the test is unusually burdensome to defendant or precipitated by any negligence on the part of the State. Consequently, we hold this enumeration of error to be without merit.

3. Defendant's second enumeration of error complains of the trial court permitting the State's witness to answer over his objection the question: "Let me just ask you this last question Dr. Piper. Within the bounds of reasonable medical certainty based on the blood test that was performed and so forth, do you have an opinion as to who the father is of [the allegedly abandoned child]." Defendant objected that the witness had not been qualified as a medical expert and the State then pointed out that she had been testifying as an expert witness and tendered her as such. The witness had established her expertise in certain areas of biology, however she was not a physician. Nonetheless, "the law in Georgia does not require that only medical doctors be permitted to give testimony regarding a medical issue, but allows others with certain training and experience to testify on issues within the scope of their expertise." *Hyde v. State*, 189 Ga. App. 727, 728 (377 SE2d 187). See also *Avret v. McCormick*, 246 Ga. 401 (271 SE2d 832). The trial court did not abuse its discretion in permitting Dr. Piper to respond to this question which her prior testimony demonstrated was within her area of expertise. We further note that since no diagnosis or treatment of a medical disorder is involved, the recent decision of *Chandler Exterminators v. Morris*, 262 Ga. 257

(416 SE2d 277) is not applicable to the case sub judice.

4. In his third enumeration of error, defendant contends that the trial court erred in admitting hearsay evidence relating results of the previous paternity test conducted in connection with the Douglas County civil action. The evidence in question consisted of a copy of a letter sent to defendant and stating that the earlier test showed a 99.07 percent probability that he was the father of the child. The substance of the letter was hearsay. A secretary, who had prepared and mailed the letter on behalf of and at the direction of the assistant district attorney who represented the State in the civil action, testi- fied that she had no personal knowledge as to the results of the paternity test and had merely inserted information received from others. While the letter was not admissible to prove the substance of the statements therein, the letter did show that defendant had been told that he was the father of the child and was relevant proof of the elements of the crime with which defendant was charged in that it demonstrated his motive and intent, as defendant never paid child support after said notice. There was no error in the admission of such relevant evidence. *Patterson v. State*, 233 Ga. 724, 725 (1) (213 SE2d 612). The trial court's failure to instruct the jury to limit its consideration to the one purpose for which the letter was admissible was not error in the absence of a request to so instruct the jury. *Hyde v. State*, 205 Ga. App. 754, 758 (3) (424 SE2d 39).

5. Defendant's final enumeration of error complains of the trial court's refusal to give a requested charge which stated in part that: "when a child is born or conceived in wedlock there is strong presumption of legitimacy as to the legal father. . . ." See OCGA § 19-7-20 (b) and *In re White*, 254 Ga. 678 (333 SE2d 588). The evidence shows that the mother of the child was married to a person other than defendant at the time the child was conceived and defendant argues that such is alone sufficient to require the requested charge.

Defendant fails to consider the uncontradicted testimony of the child's mother that she had lived apart from and had not even seen her former husband for a period of more than two years preceding the conception of the child. Indeed, she testified that she had signed divorce papers and for a period of time had thought she was divorced, although the final judgment in the divorce proceeding was not entered until a date after the conception of the child. A prerequisite to the strong presumption of legitimacy is that a "possibility of access exists. . . ." OCGA § 19-7-20 (b). Since the evidence in the case sub judice is that the child's mother and her former husband did not have any opportunity for sexual intercourse during the interval of time during which the child was conceived, the presumption upon which defendant relies has been rebutted by uncontradicted evidence and the trial court did not err in refusing to charge on this principle. *Her-*

*rin v. Herrin*, 242 Ga. 256 (248 SE2d 651); *Gibbons v. Maryland Cas. Co.*, 114 Ga. App. 788, 793 (3) (152 SE2d 815). See also *Wilkins v. Dept. of Human Resources*, 255 Ga. 230, 234 (2b) (337 SE2d 20); *In re White*, 254 Ga. 678, supra; *Adamavage v. Holloway*, 206 Ga. App. 156, 158 (1) (424 SE2d 837).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1993.

*Roger L. Curry*, for appellant.

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, M. Leanne Wells Kendall, Assistant Solicitors*, for appellee.