A95A1305. ATLANTIC CONTAINER SERVICES et al.
v. GODBEE.
(462 SE2d 465)

McMurray, Presiding Judge.

On June 1, 1993, claimant Godbee filed claims with the State Board of Workers' Compensation seeking compensation for two injuries which occurred on April 13, 1992 and on August 31, 1992. The award of the administrative law judge determined that the statute of limitation had run as to the earlier injury. While noting that the statute of limitation had not run as to the later injury, the ALJ denied compensation due to lack of jurisdiction. This was based on a finding that the claimant had filed a claim and received benefits for this claim under the Longshoremen's & Harbor Workers' Compensation Act, 33 USC 901 et seq. (hereafter "LHWCA"), and upon a determination that the LHWCA provided an exclusive remedy. On appeal to the Appellate Division, the award of the ALJ was adopted.

The superior court, finding authority for concurrent jurisdiction by both the federal and state statutory scheme, held that it was error for the State Board of Workers' Compensation to decline jurisdiction over claimant's claim. The superior court also found that the Board erred in concluding that the statute of limitation had run in regard to the claim based on the earlier injury. Claimant had also received benefits under LHWCA for this earlier injury until shortly before the filing of these state claims.

We granted the discretionary application for permission to appeal from the judgment of the superior court, submitted by employer Atlantic Container Services and its insurer, Commercial Union Insurance Company, since there appears to be no prior Georgia authority governing these circumstances. For the reasons which follow, we must affirm the judgment of the superior court. *Held*:

1. The decision in *Sun Ship v. Pennsylvania*, 447 U. S. 715 (100 SC 2432, 65 LE2d 458) provides an instructive history of the boundary and juxtaposition of the LHWCA and state workers' compensation law. The evolution of the federal statutes and case law occurred over more than half a century, but most important to this case is the 1972 amendment of LHWCA which extended the LHWCA to provide relief for land based injuries which had previously been viewed as within the province of state workers' compensation law. *Sun Ship v. Pennsylvania*, supra, held that the 1972 amendment established concurrent jurisdiction in both the LHWCA and state workers' compensation law for this class of injuries. The Board's supposition that its jurisdiction had somehow been preempted cannot be reconciled with this conclusion and must yield to the decision of the United States Supreme Court.

The argument that *Sun Ship v. Pennsylvania*, supra, does not

require the State of Georgia to accept jurisdiction in the instant case or award benefits to the employee suggests a misunderstanding of the issue presented. It is upon our state statutes that the employee's claim to compensation rests. Once it is determined that the federal legislation does not preempt our state law, we proceed under our state workers' compensation scheme.

We also note the misplaced reliance on this Court's decision in *Anderson v. Savannah Machine &c. Co.*, 96 Ga. App. 621, 622 (100 SE2d 621). This case not only predates the 1972 amendment of the federal statute and the decision in *Sun Ship v. Pennsylvania*, supra, but may also be distinguished on the facts and thus provides no support for the award of the Board.

2. We also approve of the superior court's conclusion that the statute of limitation as to the earlier injury had not run. OCGA § 34-9-82 (a) provides: "The right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits." Although funded by a different insurance carrier under the LHWCA, the employer provided income benefits and remedial medical treatment for the earlier injury. The employee continued to receive temporary total disability benefits under the LHWCA until May 17, 1993, and at the time of the hearing before the ALJ was receiving permanent partial disability benefits as well as continuing medical treatment.

Thus, the question presented is whether the receipt of benefits and treatment under the LHWCA served to toll the running of the statute of limitation. While use of the common meaning of the words used in OCGA § 34-9-82 (a) would lead us to an affirmative answer, the employer and its workers' compensation insurer urge otherwise for reasons that are not clearly stated. Many references are made to the differences in administrative details between the federal and state schemes, and undoubtedly there are numerous issues we do not reach in regard to coordinating the federal and state schemes where claims are made under both. However, these administrative problems do not compel a disregard of the plain language of the statute.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 26, 1995.

*Lowendick, Speed & Donahue, J. Wallace Speed*, for appellants.

*Zipperer & Lorberbaum, Ralph R. Lorberbaum*, for appellee.