A96A1364. PRINGLE v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
(478 SE2d 139)

BLACKBURN, Judge.

We granted Timothy Pringle's application for discretionary appeal to review the superior court's order reversing the Workers' Compensation Board Appellate Division's (Board's) order requiring the City of Savannah to pay a portion of Pringle's housing costs for a handicap-accessible apartment. In a case of first impression, this opinion addresses the extent an employer, pursuant to the Workers' Compensation Act, must provide handicap-accessible housing to workers injured on the job.

Pringle, during the course of his employment as a sanitation worker with the City of Savannah, was injured when he was struck by an automobile. As a result, Pringle suffered severe injuries to his pelvis, back, and head. In addition, Pringle's left leg was amputated above the knee. Pringle sometimes uses crutches or a prosthetic device and sometimes uses a wheelchair. Pringle was awarded temporary total disability benefits and was also entitled to rehabilitation benefits under OCGA § 34-9-200.1, because his injuries were considered catastrophic.

At the time of his injury, Pringle lived in a house he rented for $200 a month. Following the accident, this house was no longer suitable for Pringle, and he moved to an apartment (Robinson's Apartment Complex) which was modified into a handicap-accessible apart-

ment by the City of Savannah. It was soon discovered that the Robinson apartment was only partially accessible to Pringle because the kitchen cabinets could not be reached from his wheelchair and the bathroom was not large enough to accommodate his wheelchair or crutches. The rehabilitation supplier subsequently found a different apartment for Pringle in the Phillips Winters Handicapped Housing Projects (the Phillips Winters apartment). The Phillips Winters apartment is completely accessible to Pringle. The monthly rent for the Phillips Winters apartment is $331 and is calculated according to HUD guidelines based on Pringle's income.

While Pringle was living at the Robinson apartment, he requested that the City of Savannah provide him and his family with a handicap-accessible home and reimburse him for rent paid since the date of his injury. However, Pringle moved to the Phillips Winters apartment before the administrative law judge (ALJ) reached a final decision regarding Pringle's request. Subsequently, the ALJ found that the Phillips Winters apartment was the most appropriate housing available. The ALJ also found that the City had subsidized the costs of the Robinson apartment and the Phillips Winters apartment since Pringle moved into them and thus denied his request for reimbursement from the City of Savannah. Pringle appealed to the Workers' Compensation Board. During the pendency of the appeal, the City stopped subsidizing Pringle's rent. The Workers' Compensation Board found that the City of Savannah was responsible for the cost of Pringle's rent in excess of the $200 a month he was paying at the time of his injury due to his need for handicap-accessible housing. The superior court reversed, holding that the Board is not authorized to require an employer to pay for an employee's housing costs.

Pringle claims the City should pay for his handicap-accessible housing because his need for this type of housing is the result of his occupational injury. The City argues that the specialized housing costs do not qualify as medical, income, or rehabilitation benefits under OCGA §§ 34-9-200, 34-9-200.1, and 34-9-261.

OCGA § 34-9-200 (a) provides that the employer shall provide medical care and other treatments "which are prescribed by a licensed physician." Since a physician has not prescribed specialized housing for Pringle, the award of housing costs cannot qualify as a medical benefit. With respect to income benefits, an employee who sustains an injury resulting in total disability is entitled to weekly compensation benefits "equal to two-thirds of [his] average weekly wage." OCGA § 34-9-261. It is undisputed by the parties that Pringle is receiving the full amount of benefits to which he is entitled to under OCGA § 34-9-261.

As to rehabilitation benefits, OCGA § 34-9-200.1 (a) provides that "the employer shall furnish the employee . . . with reasonable

and necessary rehabilitation services." Workers' Compensation Board Rule 200.1 (c) (B) (ii) provides that rehabilitation services include "necessary home or vehicle modifications, and in-home care or other services or equipment necessary for a catastrophically injured employee to return to the least restrictive life style possible." While this statute and the corresponding Board rule clearly provide for the employer to make necessary modifications to the employee's home, it does not explicitly authorize the payment of housing costs for the employee.

Other jurisdictions, when confronted with this issue, have required the employer to pay for the injured employee's handicap-accessible housing. In *Derebery v. Pitt County Fire Marshall*, 347 SE2d 814, 818 (N.C. 1986), an injured volunteer fireman sought recovery of workers' compensation benefits including the requirement that the employer provide him with handicap-accessible housing. The North Carolina Supreme Court, liberally construing the Workers' Compensation Act, determined that the statutory language, "other treatment or care," requires the employer to furnish a handicap-accessible residence for an injured employee.

In *Peace River Elec. Corp. v. Choate*, 417 S2d 831 (Fla. 1982), the District Court of Appeals of Florida upheld an award of a rent-free, wheelchair-accessible home supplied by the employer. The Court did, however, note the extreme circumstances of its case (injured employee was residing in a dilapidated makeshift dwelling consisting of a trailer and a ramshackle wooden shed that were difficult or impossible to negotiate by wheelchair) and cautioned that the ruling should not be loosely interpreted by practitioners in the workers' compensation field. This same Florida court required the employer to bear the responsibility of providing appropriate handicap-accessible housing to the employee only after it determined that the injured employee's apartment could not be modified. *Ramada Inn South Airport v. Lamoureux*, 565 S2d 376 (Fla. 1990). The court further held that the employer should bear the responsibility only for the difference between the cost of claimant's current apartment and the cost of a handicap-accessible apartment. Id.

In *Polk County Bd. of Commrs. v. Varnado*, 576 S2d 833, 838 (Fla. 1991), the Florida District Court of Appeals reversed the trial court's order requiring the employer to purchase land and build a wheelchair-accessible home for the injured employee. The court stated that "[u]nless there is a specific reason that the existing home is totally inappropriate for modification, the [employer] should have the option of modifying the existing residence in conformance with the medically necessary requirements." Id.

The Court of Appeals of Arkansas in *Pine Bluff Parks &c. v. Porter*, 639 SW2d 363 (Ark. 1982), held that the employer was

required to fund the cost attributed to rent of a handicap-accessible apartment for the injured employee but other costs would be apportioned according to what services and apparatus the employer is required to furnish under the Workers' Compensation Act.[1]

Although OCGA § 34-9-23 was amended by Ga. L. 1994, p. 887 to provide for impartial application and construction of Georgia workers' compensation law to both employers and employees, that statute retained its original language providing for liberal construction of the Act "only for the purpose of bringing employers and employees within [its] provisions . . . and to provide protection for both." OCGA § 34-9-23. Applying that construction, we conclude that OCGA § 34-9-200.1 (a) and Workers' Compensation Board Rule 200.1 (c) (B) (ii) permit the Board to require the employer to provide handicap-accessible housing to an injured employee. "[R]ehabilitation services undertake the task of restoring the [injured worker] to the maximum usefulness that [he/she] can attain under [his/her] physical impairment. To accomplish that task, employers must furnish employees with rehabilitation services which the board, in its discretion, deems necessary and practical." (Citations and punctuation omitted.) *Jackson v. Peachtree Housing Div. &c.*, 187 Ga. App. 612, 615 (371 SE2d 112) (1988).

OCGA § 34-9-200.1 and Board Rule 200.1 (c) (B) (ii) clearly require the employer to install handicap apparatus and to make necessary structural modifications to the injured employee's home in order to permit wheelchair access. This requirement can be satisfied by the employer only if the employee's apartment or home is capable of being so modified. If not, the employee may have to rent a more expensive apartment that is already handicap-accessible or capable of being modified to be handicap-accessible. The employee, in such a situation, is penalized for having a smaller apartment at the time of injury. The employee, but for the on-the-job injury, would not have been required to move into the larger apartment and, consequently, pay a higher rent. Therefore, the employer should be required to fund the difference between the cost of employee's previous residence and the cost of a handicap-accessible apartment.

In the present case, there is no question that Pringle was catastrophically injured and that his injuries were compensable under the Workers' Compensation Act. The Act itself requires reasonable and necessary rehabilitation services, and such services are defined by the Workers' Compensation Board Rules as requiring home modifications, in-home care, or other services necessary to return Pringle

---

[1] Injured employee was placed into a facility designed for paraplegics. The facility, in addition to providing handicap-accessible housing, provided nursing services, custodial care, and other nonmedical services such as housekeeping.

to the least restrictive lifestyle possible. The determination as to which services are necessary is left to the Workers' Compensation Board's discretion. See *Jackson,* supra. Herein, the Workers' Compensation Board determined that Pringle was in need of specialized housing and modifications and that these increased needs resulted in higher housing costs. These determinations are supported by the facts and the applicable law. Therefore, the Board did not abuse its discretion.

In light of the above, the trial court erred in reversing the Board's award of benefits requiring the City of Savannah to pay the amount of Pringle's rent in excess of the $200 a month.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the City contends that our opinion should be reconsidered because Workers' Compensation Board Rule 200.1 was revised by the Board effective July 1, 1996. However, these revisions cannot be applied retroactively because Pringle was injured in 1990 and the new rule states that "[c]ases with dates of injury prior to July 1, 1992, will be regulated in accordance with board rules in effect on or before July 1, 1991." Rule 200.1 (a). See also *Thompson v. Wilbert Vault Co.,* 178 Ga. App. 489, 490-491 (343 SE2d 515) (1986) (administrative regulations subject to general rule that changes will not apply retroactively unless such intention is unequivocal). Furthermore, we cannot say that the revisions made by the Board to its rules would affect the outcome of the issues in the case even if applied. As the City points out in its motion for reconsideration, Board rules may not enlarge the substantive rights of the parties. See *Holt Svc. Co. v. Modlin,* 163 Ga. App. 283, 284 (1) (293 SE2d 741) (1982).

As to rehabilitation benefits, the revised OCGA § 34-9-200.1 (a) remains unchanged in this regard and still provides that "the employer shall furnish the employee . . . with reasonable and necessary rehabilitation services." Prior to the Board's revisions, Rule 200.1 (a) provided that "[f]or cases with dates of injury prior to July 1, 1992, rehabilitation services shall be provided to any injured employee to the extent appropriate and which, in the judgment of the board, will return the employee to suitable employment *consistent with employee's prior occupational level* and/or will restore the employee to optimal physical functioning. *The period for vocational rehabilitation shall not exceed 26 weeks unless approved by the board.*" (Emphasis supplied.) The Board merely deleted the empha-

sized portion of this paragraph of Rule 200.1 (a).[2] Additionally, former Workers' Compensation Board Rule 200.1 (c) (B) listed several types of rehabilitation plans in which it specifically authorized that an "Independent Living Plan includes necessary home or vehicle modifications, and in-home care or other services or equipment necessary for a catastrophically injured employee to return to the least restrictive life style possible." See former Board Rule 200.1 (c) (B) (ii). However, the Board deleted the section listing the types of rehabilitation plans in its 1996 version, apparently leaving the types of plans up to the principal rehabilitation supplier's discretion, and subject to the Board's approval. See Workers' Compensation Board Rule 200.1 (c) (1) ("[t]he board recognized principal supplier shall have sole responsibility for each individual case") and Workers' Compensation Board Rule 200.1 (c) (2) (principal suppliers proposed Individualized Rehabilitation Plan submitted to board for approval).

DECIDED AUGUST 8, 1996 —
RECONSIDERATION DENIED DECEMBER 4, 1996 —

*Lorenzo C. Merritt*, for appellant.
*Oliver, Maner & Gray, Patricia T. Paul, Patrick T. O'Connor, Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellees.

---

[2] The same portion of revised Rule 200.1 (a) now provides "[f]or cases with dates of injury prior to July 1, 1992, rehabilitation services shall be provided to any injured employee to the extent appropriate and which, in the judgment of the board, will return the employee to suitable employment and/or will restore the employee to optimal physical functioning."