A00A0703. MICKENS v. WESTERN PROBATION DETENTION CENTER et al.
(534 SE2d 927)

JOHNSON, Chief Judge.

We granted Carol L. Mickens' application for discretionary appeal in this workers' compensation case to determine whether "weekly benefits" under OCGA § 34-9-82 (a) include permanent partial disability benefits paid pursuant to OCGA § 34-9-263 so as to extend the statute of limitation period for filing a claim to two years after the date of the last such payment. Because we conclude that the plain language of OCGA § 34-9-82 (a) includes such benefits, we reverse the superior court's judgment, reinstate the appellate division's decision that Mickens' workers' compensation claim is not time barred, and remand the case to the superior court with direction that it remand the case to the State Board of Workers' Compensation for a decision on the merits.

Mickens injured her left leg on October 31, 1995, when she fell at her place of employment, Western Probation Detention Center. Western Probation paid her wages in lieu of benefits until she returned to work on November 20, 1995. She received medical treatment for this injury through July 29, 1996. Mickens was assigned a five percent disability rating to her ankle, then received permanent partial disability benefits on a weekly basis through March 3, 1997.

The record on appeal reflects that at some point in 1996, Mickens complained of back pain, and in August 1996, Western Probation filed a notice to controvert. On March 3, 1998, Mickens filed a back injury claim, requesting a hearing to determine the compensability of her alleged back injury which she claimed resulted from her fall in 1995.

---

[10] See id.

After a hearing, the administrative law judge determined that because Mickens had received wages in lieu of compensation through November 20, 1995, she had until November 20, 1997, to submit her back injury claim. The ALJ concluded that because she did not submit the claim until March 3, 1998, it was barred by the statute of limitation period in OCGA § 34-9-82 (a). The appellate division, on the other hand, held that permanent partial disability benefits qualify as "weekly indemnity benefits" under OCGA § 34-9-82 (a). Because Mickens received the last payment of permanent partial disability benefits on March 3, 1997, and filed her claim within two years of that date, the appellate division ruled that the claim was timely filed, reversed the ALJ's award, and remanded the case for a hearing on the merits. The superior court reversed the appellate division and reinstated the ALJ's award without giving any reason for its decision. Mickens appeals, contending that the superior court erred by reversing the appellate division and by not remanding the case to the ALJ.

1. OCGA § 34-9-82 (a) provides:

> The right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits.

Mickens contends this Code section does not bar her back injury claim because she filed it within two years after the last payment of permanent partial disability benefits under OCGA § 34-9-263. Western Probation argues that the term "weekly benefits," under OCGA § 34-9-82 (a), refers to only those weekly benefits provided under OCGA §§ 34-9-261 and 34-9-262, which compensate for income loss. It urges that permanent partial disability benefits are not income benefits, pointing out that permanent partial disability benefits are based on bodily loss and are unavailable so long as the claimant is receiving payments under OCGA §§ 34-9-261 and 34-9-262.

The Workers' Compensation Act[1] constitutes a complete code of laws upon the subject,[2] and "[t]he recoverability of workers' compensation benefits is strictly a matter of statutory construction, because

---

[1] OCGA § 34-9-1 et seq.

[2] *Abernathy v. City of Albany*, 269 Ga. 88, 89 (495 SE2d 13) (1998).

there is no common law right to such benefits."[3] In construing a statute, our goal is to ascertain its legislative intent and meaning.[4] "Statutes should be read according to the natural and most obvious import of the language, without resort to subtle and forced constructions, for the purpose of either limiting or extending their operation."[5] "When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms."[6]

OCGA § 34-9-82 (a) instructs that "if payment of weekly benefits has been made . . . the claim may be filed . . . within two years after the date of the last payment of weekly benefits." A plain reading of the statute demonstrates that the legislature required no specifications as to the type of "weekly benefits." If the General Assembly had intended for "weekly benefits" to include only specified benefits, it could have so provided.[7] But it did not, and we are therefore precluded from imposing such a limitation. Further, OCGA § 34-9-263 expressly refers to permanent partial benefits as "weekly income benefits" which are "payable without regard to whether the employee has suffered economic loss."[8] Finally, the plain language of OCGA § 34-9-82 (a), when read with § 34-9-263 (b) (1), offers no ambiguity.

Because we must construe OCGA § 34-9-82 (a) according to its plain language, we conclude that "weekly benefits" include permanent partial disability benefits paid pursuant to OCGA § 34-9-263,[9] and Western Probation's arguments grounded in the differences in the bases and timing of the benefits do not compel us to disregard the statute's plain language.[10]

2. Mickens contends that the superior court erred in not remanding this case to the ALJ for review and issuance of an award. Con-

---

[3] Id.

[4] *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[5] *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987).

[6] *Ga. Institute of Technology v. Gore*, 167 Ga. App. 359-360 (306 SE2d 338) (1983).

[7] See, e.g., OCGA § 34-9-104 (b) (with regard to a change in condition, the statute expressly provides that a two-year period of limitation applies to benefits paid pursuant to OCGA §§ 34-9-261 and 34-9-262, and a four-year period of limitation applies to benefits paid pursuant to OCGA § 34-9-263).

[8] OCGA § 34-9-263 (b) (1).

[9] See also *Harper v. L & M Granite Co.*, 197 Ga. App. 157, 161 (2) (b) (397 SE2d 739) (1990) (in ruling that both benefits paid voluntarily and those paid otherwise would trigger the two-year limitation of OCGA § 34-9-82 (a), the court noted that the Code section does not, on its face, distinguish between those types of benefits and further stated, "if the legislature had intended not to allow weekly benefits paid voluntarily to trigger the two-year limitation, it would have been an easy task to have so provided").

[10] See also *Atlantic Container Svcs. v. Godbee*, 218 Ga. App. 594, 595 (2) (462 SE2d 465) (1995) (differences in administrative details did not compel a disregard of the plain language and common meaning of the words of OCGA § 34-9-82 (a) to determine whether claim was timely filed).

struing OCGA § 34-9-82 (a) as we have in Division 1, OCGA § 34-9-82 (a) does not bar Mickens' back injury claim. We therefore reverse the judgment with direction to remand the case to the State Board of Workers' Compensation for a decision on the merits.

*Judgment reversed and case remanded with direction. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 31, 2000 

Carol L. Mickens, *pro se.*

*Thurbert E. Baker, Attorney General, Chambless, Higdon & Carson, Brown W. Dennis, Jr.,* for appellees.