A00A2144. STEVEDORING SERVICES OF AMERICA et al.
v. COLLINS.
(542 SE2d 134)

MIKELL, Judge.

This appeal concerns a claim for workers' compensation benefits. Milton Hendrix was killed in an accident on September 6, 1997, while working as a longshoreman for Stevedoring Services of America. His mother, Georgia Collins, filed a claim with the Georgia State Board of Workers' Compensation ("the Board") seeking to recover partial dependency benefits. An administrative law judge ("ALJ") denied her claim, and the appellate division of the Board adopted the decision. Collins appealed to the Superior Court of Glynn County, which remanded the case to the Board for entry of a decision articulating the evidentiary standard applied to certain findings of fact. Hendrix's employer, Stevedoring Services of America, and its insurer, Employer's Insurance of Wausau, ("appellants") filed an application for discretionary appeal of the superior court's order remanding the case, which we granted. We conclude that the superior court erred and reverse.

At the hearing on Collins's claim for benefits, Carolyn Evans testified that she and Hendrix began living together in 1981 and had a daughter, Maleeka Evans, on November 17, 1982. Counsel for Hendrix's employer presented an affidavit executed by Evans identifying Maleeka as a dependent of Hendrix, and Evans testified that Maleeka was currently receiving Social Security benefits as a result of the death of her father. The ALJ admitted into evidence the results of a paternity test concluding a 99.96 percent probability that Hendrix was Maleeka's biological father. Two lifelong acquaintances of Hendrix testified that Hendrix acknowledged Maleeka as his daughter and conducted himself as the child's father.

Evans testified that she was married to another man, Jack Evans, prior to her involvement with Hendrix; however, the Evanses separated in 1980, two years before Maleeka was born. Carolyn Evans did not obtain a divorce from her husband until 1998, after Hendrix's death.

Following the hearing, the ALJ denied Collins benefits because Hendrix was survived by a primary dependent. The appellate division adopted the ALJ's decision; however, the superior court remanded the case. This appeal followed.

1. First, the appellants contend that the superior court erred in holding that the ALJ improperly failed to specify the applicable standard of proof in his determination that Maleeka Evans is the biological daughter of Hendrix and, therefore, a primary dependent.

The appropriate standard of review to be applied to issues of

fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence. On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency.[1]

OCGA § 34-9-265 provides for compensation of the dependents of an employee who died in an accident in the course of his employment. If the decedent had at least one primary dependent, partial dependents cannot recover benefits.[2] A child under the age of 18 is presumed to be wholly dependent and, therefore, a primary dependent.[3] In this case, the ALJ determined that Maleeka Evans was Hendrix's daughter and primary dependent.

On certiorari, the superior court reasoned that the fact that Maleeka Evans was born while her mother was still married to a man other than Hendrix raised a strong presumption of legitimacy. Thus, the superior court held that the ALJ was required to determine by clear and convincing evidence that Hendrix was the child's father.

It is true that only clear and convincing evidence will rebut the presumption of legitimacy when a child is born in wedlock; however, remand is unnecessary in the case sub judice.[4] We find no indication in the record that the ALJ failed to apply the proper standard in his factual determination. Furthermore, we conclude that clear and convincing evidence supports the ALJ's determination that Maleeka is Hendrix's biological child.

Collins argues that the ALJ erred in admitting the results of a paternity test, because the report did not meet the requirements of OCGA § 34-9-102 (e) (2). Specifically, Collins emphasizes that the report was not signed by a treating physician, and that no physician or other medical provider testified regarding the issue of paternity.

In order to qualify for admission under OCGA § 34-9-102 (e) (2), a medical report must be signed by a "duly qualified medical practitioner." The paternity report at issue is signed; however, the signature is illegible, so it is unclear which one of the four persons listed below the signature line signed it. The persons listed include a physician and three laboratory directors designated as Ph.D.s. An individual holding a Ph.D. is not a "medical practitioner" as defined by OCGA § 43-34-20 (3). Therefore, because the evidence does not show

---

[1] (Citation omitted.) *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997).

[2] OCGA § 34-9-13 (d).

[3] OCGA § 34-9-13 (a) (1), (b) (2) (A).

[4] OCGA § 19-7-20 (b); *In re White*, 254 Ga. 678, 679 (1) (333 SE2d 588) (1985).

that a physician signed the report, the ALJ erred in admitting it under OCGA § 34-9-102 (e) (2).

However, such error was harmless, given the independent evidence supporting a finding that Maleeka is the biological daughter of Hendrix. First, there was evidence to rebut the presumption that Maleeka is the daughter of Evans's former husband, based on the fact that "[a] prerequisite to the strong presumption of legitimacy is that a possibility of access exists."[5] Carolyn Evans testified that she and Jack Evans separated in 1980, and she swore in an affidavit that their relationship lasted only five months. Evans further testified that she had been living with Hendrix in what she regarded as a common law marriage since 1981. Maleeka was born on November 17, 1982. Clear and convincing evidence demonstrated that Evans and her former husband had no relationship during the time when Maleeka was conceived in 1982. Thus, the ALJ could conclude that the presumption of legitimacy had been rebutted.[6]

Furthermore Evans and two lifelong acquaintances of Hendrix testified that he was Maleeka's father. The evidence shows that Evans and Hendrix were living together when Maleeka was conceived, and that Hendrix acknowledged Maleeka as his daughter.

Accordingly, we conclude that clear and convincing evidence supports the ALJ's determination that Maleeka is Hendrix's biological child and, therefore, his primary dependent.

2. Our holding in Division 1 renders the appellants' second enumeration of error moot.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2000 —
RECONSIDERATION DENIED DECEMBER 6, 2000 — ▮▮▮▮▮▮▮

*Shari S. Miltiades*, for appellants.
*Walter D. Adams*, for appellee.

---

[5] (Punctuation omitted.) *Rainwater v. State*, 210 Ga. App. 594, 596 (5) (436 SE2d 772) (1993).

[6] See id.