A03A0850. MECHANICAL MAINTENANCE, INC. et al.
v. YARBROUGH.
(590 SE2d 148)

PHIPPS, Judge.

Mechanical Maintenance, Inc., the employer in this workers' compensation case, and its former insurer, ITT Hartford, appeal the superior court's order affirming an award of the State Board of Workers' Compensation Appellate Division, which reversed an award of the administrative law judge (ALJ). The employer/ITT Hartford contend that the superior court erred in affirming the appellate division's finding that the employee's change in condition claim was not time-barred. Because the employee did not file his claim within two years of payment of income benefits to him, as required by OCGA § 34-9-104 (b), his claim is barred. We accordingly reverse and remand the case to the superior court with direction that it remand the case to the State Board of Workers' Compensation for entry of an award in accordance with this opinion.

The material facts are not in dispute. Frank Yarbrough worked as a millwright for the employer. His job required heavy lifting and frequent standing, walking, bending, stooping, and climbing. While on the job on September 26, 1995, he slipped and fell, injuring his neck and back. The employer accepted the claim as compensable and provided Yarbrough medical treatment. The employer's insurer at that time was ITT Hartford. Although Yarbrough did not initially miss any time from work, his physical condition worsened because of his work-related injuries, and he ceased working on August 8, 1996. The employer through ITT Hartford paid Yarbrough temporary total disability (TTD) benefits through January 1997.

In January 1997, Yarbrough's physician released him to light-duty work. No light-duty work was available, however, and Yarbrough began performing his former strenuous duties as a millwright, which clearly exceeded his restrictions. The week he returned to work, the cart he was operating struck some iron extending from another cart, throwing Yarbrough over the steering wheel. Yarbrough became increasingly debilitated. The last week he worked, he almost fell into a machine. A co-worker grabbed him, but this caused him to jerk and twist, making his neck and back pain worse. Yar-

brough was laid off on May 20, 1997, but in any event, he could no longer perform the work because of his injuries. The employer's workers' compensation insurer as of that date was Clarendon National Insurance Company (Clarendon).

In the meantime, the employer through ITT Hartford paid Yarbrough permanent partial disability benefits pursuant to OCGA § 34-9-263 until August 30, 1999, for his September 1995 injury.

On March 6, 2000, Yarbrough filed a TTD claim against the employer/ITT Hartford, alleging a change of condition for the worse pursuant to OCGA § 34-9-104. On May 30, 2000, he filed another TTD claim, alleging that he had sustained a new accident. The employer through both ITT Hartford and Clarendon controverted the claims. The ALJ found that Yarbrough had suffered a new accident on May 20, 1997, when he was laid off and no longer able to work, but that this TTD claim was barred by the statute of limitation for new accidents found in OCGA § 34-9-82 (a). That Code section requires claims for new injuries to be filed within one year of the injury, unless the employer has paid weekly benefits or provided remedial treatment for that injury, in which case the claimant must file the claim within one year of the last remedial treatment furnished by the employer or within two years of the last payment of weekly benefits.

Here, Yarbrough's claim was not filed until May 30, 2000, three years after the new accident date of May 20, 1997. The employer through Clarendon never paid TTD benefits or furnished medical treatment to Yarbrough in connection with *this* new injury. The ALJ observed that any income benefits paid by the employer/ITT Hartford for the original September 1995 accident did not affect the statute of limitation for this new injury. The ALJ also noted that, even if Yarbrough's claim was characterized as a change of condition under OCGA § 34-9-104,[1] it would still be time-barred because more than two years had elapsed since the date the last payment of income benefits was actually made to him.

The appellate division reversed the ALJ in a split decision, holding that Yarbrough had suffered a change of condition for the worse under OCGA § 34-9-104, and not a new injury. The appellate division also held that the employer/ITT Hartford's payment to Yarbrough of permanent partial disability benefits through August 30, 1999, constituted payment of *income* benefits, citing *Mickens v. Western Proba-*

---

[1] Subsection (b) provides that the board or a party may apply for another decision because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision, provided . . . that at the time of application not more than two years have elapsed since the date the last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made under this chapter. . . .

*tion Detention Center*.[2] Yarbrough's change of condition claim against the employer/ITT Hartford was thus not time-barred by OCGA § 34-9-104 (b), according to the appellate division.

On appeal, the superior court affirmed. The employer/ITT Hartford filed an application for discretionary appeal from this order, which this court granted.

The employer/ITT Hartford contend that the superior court erred as a matter of law in affirming the appellate division's award holding that Yarbrough's change of condition claim was not time-barred.[3] While the findings of fact of the appellate division are conclusive and binding when supported by any evidence, reviewing courts, including this court and the superior courts, may review the appellate division's legal determinations and reverse an award based on an erroneous theory of law.[4] The challenge in this case is to a legal determination of the appellate division, affirmed by the superior court. Review by this court is accordingly de novo.[5]

OCGA § 34-9-104 (b) provides in part that "any party may apply . . . for another decision because of a change in condition . . . provided . . . that at the time of application not more than two years have elapsed since the date the last payment of income benefits *pursuant to Code Section 34-9-261 or 34-9-262* was actually made."[6] In this case, the appellate division, citing *Mickens*, held that Yarbrough's claim was not time-barred because he filed it within two years of the employer/ITT Hartford's last payment to him of permanent partial disability benefits pursuant to *OCGA § 34-9-263*. But *Mickens* did not involve construction of OCGA § 34-9-104 (b). It interpreted OCGA § 34-9-82 (a), which, as discussed above, requires a new claim for an injury to be filed within one year after the compensable injury, unless the employer has paid "weekly benefits" or provided remedial medical treatment, in which case the claim must be filed within one year after the last medical treatment or within two years after the last payment of weekly benefits. *Mickens* held that under OCGA § 34-9-82 (a), the term "weekly benefits" includes permanent partial disability benefits paid pursuant to OCGA § 34-9-263, and not just TTD benefits paid pursuant to OCGA § 34-9-261 or temporary partial disability benefits paid pursuant to OCGA § 34-9-262. This

---

[2] 244 Ga. App. 268 (534 SE2d 927) (2000).

[3] Because the employer/ITT Hartford have not raised the issue, we do not rule on whether the appellate division erred in reversing the ALJ's finding that Yarbrough suffered a new accident and holding instead that he suffered a change in condition for the worse.

[4] Kissiah, Ga. Workers' Compensation Law, § 29.06 [3] (2nd ed. 2002); see also OCGA § 34-9-105 (c) (5); *Olde South Custom Landscaping v. Mathis*, 229 Ga. App. 316-317 (494 SE2d 14) (1997).

[5] See *Lockett v. State*, 257 Ga. App. 412, 413 (1) (571 SE2d 192) (2002).

[6] (Emphasis supplied.) OCGA § 34-9-104 (b).

court reasoned that "[i]f the General Assembly had intended for 'weekly benefits' to include only specified benefits, it could have so provided. But it did not, and we are therefore precluded from imposing such a limitation."[7] As a contrast, the court in *Mickens* pointed to OCGA § 34-9-104 (b), the statute applicable in this case, noting that it "expressly provides that a two-year period of limitation applies to benefits paid pursuant to OCGA §§ 34-9-261 and 34-9-262."[8] The court also noted that under the rules of statutory construction, " '[w]hen a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms.' "[9]

Here, Yarbrough's claim is for a change of condition for the worse seeking TTD benefits[10] under OCGA § 34-9-104 (b), and the plain language of that statute provides that an employee must bring this type of claim within two years of the date the employer made the last payment of TTD or temporary partial disability benefits. Payment of permanent partial disability benefits has no bearing in these cases. Yarbrough's change of condition claim for additional TTD benefits was thus time-barred as of January 1999, two years after the employer last paid TTD benefits. The superior court accordingly erred as a matter of law in affirming this portion of the award of the appellate division, and the decision is hereby reversed.

*Judgment reversed and case remanded. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 24, 2003 —
RECONSIDERATION DENIED NOVEMBER 17, 2003 — ■

*Sartain, McKay & Crowell, Raymond L. Crowell*, for appellants.
*Hamilton, Westby, Antonowich & Anderson, Michael F. Antonowich, Larry N. Hollington*, for appellee.
*Clements & Sweet, Lawrence T. Clements*, amicus curiae.

---

[7] (Footnote omitted.) *Mickens*, supra at 270 (1).
[8] Id. at 270 (1), n. 7.
[9] (Footnote omitted.) Id. at 270.
[10] If Yarbrough were seeking permanent partial disability benefits, he would have four years from the date of last payment of TTD benefits or temporary partial disability benefits to assert a claim under OCGA § 34-9-104 (b).