A04A0982, A04A0983. ONE BEACON INSURANCE COMPANY
v. HUGHES; and vice versa.

(604 SE2d 248)

JOHNSON, Presiding Judge.

In August 1994, while employed as a truck driver for Gemi Trucking Company, Charles Hughes was involved in a single vehicle accident which rendered him a quadriplegic. Gemi Trucking and its insurer, One Beacon Insurance Company (collectively, "Gemi Trucking"), deemed the accident compensable under the Workers' Compensation Act, and paid Charles Hughes temporary total disability income benefits from the date of the accident until March 2001, when he died as a result of the injuries suffered in the accident. In all, Gemi Trucking paid Charles Hughes a total of $93,775 in temporary total disability benefits. After Charles Hughes' death, Gemi Trucking began paying workers' compensation death benefits to his 40-year-old wife, Lisa Hughes. In September 2001, after paying approximately $7,000 to Lisa Hughes in death benefits, Gemi Trucking suspended benefit payments, claiming that benefits paid to the Hugheses had exceeded the $100,000 statutory limit on workers' compensation benefits.

Lisa Hughes requested a hearing to determine her eligibility to continue to receive death benefits. She argued that she is entitled to receive benefits until age 65,[1] and that there is no cap on the amount of benefits she can receive as an "age 65" dependent. She urged alternatively that, if any cap applies, it is a $125,000, not a $100,000

---

[1] OCGA § 34-9-13 (e) provides that the dependency of a spouse of a deceased employee shall terminate at age 65 or after payment of 400 weeks of benefits, whichever provides greater benefits.

limit.[2] She further urged that if a limit on death benefits applies, Gemi Trucking was not entitled to a credit for disability benefits paid during her husband's life.[3] Gemi Trucking filed a notice to controvert her request.

The administrative law judge held that Lisa Hughes, who chose to receive benefits to age 65, was entitled to continued death benefits, but that there was a $100,000 cap on the amount she was entitled to receive. The ALJ also held that Gemi Trucking was not entitled to a credit for the temporary total disability benefits paid to Charles Hughes, because that statute only states that the credit applies to claimants who are "400-week" dependents under OCGA § 34-9-13 (e), and is silent on the issue of "age 65" dependents. The appellate division of the State Board of Workers' Compensation reviewed the award, and adopted the ALJ's findings as its own.

Both parties appealed the appellate division's award to superior court. The superior court reversed the decision of the appellate division as to the amount of the cap, holding that the law at the time of Charles Hughes' death controlled, and thus the cap on the amount of benefits was $125,000. The court affirmed the award of the appellate division insofar as the award disallowed a credit to Gemi Trucking for disability benefits paid to Charles Hughes. Lisa Hughes filed an application for discretionary review, which we granted.

In Case No. A04A0982, Gemi Trucking appeals from the judgment of the superior court. In its appeal, Gemi Trucking challenges the superior court's holding that (1) it was not entitled to deduct from the maximum amount of death benefits payable those disability benefits it paid during Charles Hughes' life; and (2) the $125,000 cap, rather than the $100,000 cap, applies in this case. In Case No. A04A0983, Lisa Hughes appeals, urging that the superior court erred in applying any cap in an "age 65" case.

## Case No. A04A0982

1. Gemi Trucking contends the superior court erred by holding that a $125,000 cap, rather than a $100,000 cap, applies in this case. We agree that the superior court erred and reverse its judgment as to this issue.

---

[2] OCGA § 34-9-265 (d) provides that the total compensation payable under the Workers' Compensation Act to a surviving spouse as a sole dependent at the time of death shall in no case exceed $125,000. An earlier version of this statute provided a $100,000 cap.

[3] OCGA § 34-9-265 (b) (4) provides that the number of temporary total disability weekly payments made to the injured employee shall be subtracted from the maximum 400-week period of dependency of a spouse provided by OCGA § 34-9-13.

Charles Hughes was injured in August 1994, and died in March 2001. The version of OCGA § 34-9-265 (d) in effect in August 1994 provided that there was a limit of $100,000 in total compensation payable to a surviving spouse. In July 2000, the statute was changed to allow for a $125,000 cap on total compensation payable to a surviving spouse. Contrary to Lisa Hughes' contention, the version of the statute in place at the time of the employee's *injury*, not at the time of his *death*, controls.[4] Because the applicable limit was $100,000, the superior court erred in holding otherwise. The superior court's judgment on this issue is reversed.

2. Gemi Trucking contends the superior court erred in not allowing it to deduct temporary total disability benefits paid to Charles Hughes from benefits due the surviving dependent in determining the total amount of compensation payable. We disagree.

In construing the statutes at issue, we note that the Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction because there is no common law right to such benefits.[5] Further, a primary rule of statutory construction is that the courts must try to ascertain the purpose and intent of the legislature and then try to construe the law to implement that intent.[6]

The legislature provided in OCGA § 34-9-13 (e), that a surviving dependent spouse may elect to receive death benefits either for 400 weeks or until age 65, whichever provides the greatest benefits. In OCGA § 34-9-265 (b) (4), the legislature provided that in making death benefit payments to dependents, the number of weekly payments made to the injured employee shall be subtracted from the maximum 400-week period of dependency of a spouse. Thus, in providing for deductions for past payments, the legislature specifically mentioned 400-week dependents and failed to mention age 65 dependents. We can only conclude that such specific mention of the 400-week cap and silence as to age 65 dependents was intentional.[7] Accordingly, we find the legislature specifically intended that an employer may only take credit for income benefits paid to an injured employee against death benefits owed to a surviving spouse if the spouse elects to receive death benefits subject to the 400-week cap. Inasmuch as the dependent in this case elected to receive death

---

[4] See *Zurich Ins. Co. v. Spence*, 122 Ga. App. 464, 465 (177 SE2d 503) (1970); see also *Hart v. Owens-Illinois, Inc.*, 250 Ga. 397 (297 SE2d 462) (1982); *Pringle v. Mayor & Aldermen of the City of Savannah*, 223 Ga. App. 751, 755 (478 SE2d 139) (1996).

[5] *Mickens v. Western Probation &c.*, 244 Ga. App. 268, 269-270 (1) (534 SE2d 927) (2000).

[6] *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[7] See generally *Morton v. Bell*, 264 Ga. 832-833 (452 SE2d 103) (1995).

benefits based on age rather than the maximum number of weeks, we find the superior court properly found that Gemi Trucking was not entitled to a credit under OCGA § 34-9-265 (b) (4).

### Case No. A04A0983

3. In her cross-appeal, Lisa Hughes contends the superior court erred in failing to grant her unlimited benefits to age 65. She insists that there is no monetary cap on benefits paid to an age 65 claimant. We disagree.

OCGA § 34-9-265 (d) clearly and unambiguously limits a sole surviving spouse's receipt of death benefits to $100,000: "total compensation payable . . . to a surviving spouse . . . *shall in no case exceed $100,000.00.*" (Emphasis supplied.) Therefore, we find no error with the superior court's judgment recognizing a monetary limit even as to age 65 dependents.

4. In sum, we hold that death benefits payable to Lisa Hughes are subject to a $100,000 cap, and that Gemi Trucking is not entitled to a credit against death benefits for disability benefits paid to Charles Hughes during his life. The superior court judgment is therefore affirmed insofar as it disallows a credit for disability benefits paid, and reversed to the extent it imposes a $125,000 cap — rather than a $100,000 limit — on death benefits.

*Judgment in Case No. A04A0982 affirmed in part and reversed in part. Judgment in Case No. A04A0983 affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 1, 2004 — 

*Donahue, Hoey & Skedsvold, Charles G. Hoey*, for appellant.
*Wayne B. Bradley*, for appellee.