**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0012. BAXTER v. TRACIE MCCORMICK, INC. et al.

MARKLE, Judge.

In this discretionary appeal, Sheila Baxter challenges the superior court's order affirming the decision of the State Board of Workers' Compensation ("the Board") that she was not entitled to death benefits beyond the statutory cap set forth in OCGA § 34-9-265 (d). Baxter contends she was not the sole dependent at the time of her spouse's death and is therefore exempt from the cap because her mother-in-law, who had never filed a claim for benefits and who died prior to the suspension of benefits under the cap, was a partial dependent. For the reasons that follow, we affirm.

We review de novo the application of law to the undisputed facts. *Hartford Cas. Ins. Co. v. Hawkins*, 353 Ga. App. 681, 685 (839 SE2d 230) (2020).

The facts are not in dispute. Baxter is the surviving spouse of Royce Hutchens, who died tragically in August 2012 following an accident while driving a truck for his employer, Tracie McCormick, Inc. Shortly thereafter, Baxter filed a claim for workers' compensation benefits. Hutchens left no minor children, and no other potential dependents filed a claim for benefits. Baxter thus received full benefits, pursuant to OCGA § 34-9-13 (c).[1] However, in September 2018, Tracie McCormick and its insurer, Cherokee Insurance Company, suspended payment because the total amount of benefits paid had reached $150,000, which was the statutory cap set forth in OCGA § 34-9-265 (d) at the time of the accident.[2]

Baxter promptly filed a claim with the Board, arguing that the cap did not apply because she was not the sole dependent on the date of the accident. She alleged that Hutchens's mother, who had died in 2017, was a partial dependent at the time of the accident. Following a hearing, the administrative law judge ("ALJ") concluded that Baxter's mother-in-law was Hutchens's partial dependent; however, the statutory cap

---

[1] OCGA § 34-9-13 (c) provides, in pertinent part: "If the deceased employee leaves a dependent surviving spouse . . . , and no dependent child or children, the full compensation shall be paid to such spouse."

[2] The statutory amount has increased since the date of the accident, however the parties do not dispute this figure. See OCGA § 34-9-265 (d) (2006).

2

still applied because the mother-in-law had never filed a claim for benefits and had never qualified as a dependent during her lifetime. Baxter appealed to the Appellate Division of the Board, which adopted the ALJ's conclusions. Baxter then appealed to the superior court, which affirmed the decision of the Appellate Division.[3] We granted Baxter's application for discretionary appeal, and this appeal followed.

In her sole enumeration of error, Baxter contends that the superior court erred in applying the cap under OCGA § 34-9-265 (d) because she was not the sole dependent at the time of her husband's death. We are constrained to disagree.

The Workers' Compensation Act ("the Act") provides for the payment of benefits to dependents of a deceased employee where the death was caused by "an accident arising out of and in the course of employment[.]" OCGA § 34-9-265 (b). But there are limitations on the amount of the entitlement. As is relevant to this appeal, OCGA § 34-9-265 (d) (2006) provides that "[t]he total compensation payable . . . to a surviving spouse as a sole dependent at the time of death and where there is no other dependent for one year or less after the death of the employee shall in no case exceed $150,000.00."

_____

[3] Although it appears that both the Appellate Division and the superior court heard argument, only the transcript of the hearing before the ALJ was designated for inclusion in the record on appeal.

This appeal requires us to construe the language of this provision. See *Mickens v. Western Probation Detention Center*, 244 Ga. App. 268, 269-270 (1) (534 SE2d 927) (2000) ("the recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits.") (citation and punctuation omitted).

> In construing a statute, we look at its terms, giving words their plain and ordinary meaning, and where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms. In construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole. Statutory construction is a question of law, which we review de novo.

(Citations and punctuation omitted.) *Fulton-DeKalb Hosp. Auth. v. Hickson*, 351 Ga. App. 221, 223 (830 SE2d 582) (2019); *Mickens,* 244 Ga. App. at 270 (1) ("In construing a statute, our goal is to ascertain its legislative intent and meaning" as grounded in its text.). Notably, under OCGA § 34-9-23, the Act expressly provides that it "shall be liberally construed only for the purpose of bringing employers and employees within the provisions of [the Act] and *to provide protection for both*." (Emphasis supplied.) See also *Davis v. Louisiana-Pacific Corp*., 344 Ga. App. 757, 760 (2) (811 SE2d 476) (2018).

4

Baxter argues that the superior court improperly conflated the mother-in-law's status as a dependent with her eligibility to receive benefits in its determination that Baxter was subject to the statutory cap. However, this contention overlooks the interplay between OCGA § 34-9-13, which defines the parameters of dependency, and OCGA § 34-9-265, which addresses the manner and method of compensation. See *Fulton-DeKalb Hosp. Auth.*, 351 Ga. App. at 223 (we "consider the entire scheme of the statute"); *Lathan v. Hosp. Auth. of Charlton County*, 343 Ga. App. 123, 128 (1) (805 SE2d 450) (2017) ("A statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.") (citation omitted).

Pursuant to OCGA § 34-9-13 (b) (1), Baxter, as the surviving spouse, is presumed to be wholly dependent on the decedent as a matter of law.[4] Importantly, OCGA § 34-9-13 (d) provides "if there is more than one person wholly dependent, the death benefit shall be divided among them, and persons partially dependent, if

_____

[4] Although children are also deemed whole dependents under the Act, Hutchens left no children. OCGA § 34-9-13 (b) (2).

5

any, shall receive no part thereof[.]" In other words, "[i]f the decedent had at least one primary dependent, partial dependents cannot recover benefits." *Stevedoring Svcs. of America v. Collins*, 247 Ga. App. 149, 150 (1) (542 SE2d 134) (2000).

In line with these rules regarding dependency, OCGA § 34-9-265 (b) (2) provides:

> If death results instantly from an accident arising out of and in the course of employment . . . [t]he employer shall pay the dependents of the deceased employee, which dependents are *wholly dependent* on his or her earnings for support at the time of the injury, a weekly compensation equal to the compensation . . . for total incapacity[.]

(Emphasis supplied.) And, under OCGA § 34-9-265 (b) (3), partial dependents, such as the mother-in-law here, are only entitled to receive benefits if the decedent left no whole dependents.

Thus, contrary to Baxter's position, the concepts of eligibility and dependency are closely intertwined under the Act. In this light, it is highly relevant that the mother-in-law was ineligible to receive benefits at all times. OCGA § § 34-9-13 (d); 34-9-265 (b) (3); *Stevedoring Svcs. of America*, 247 Ga. App. at 150 (1). Because no claim for benefits had been made on the mother-in-law's behalf until after she had already died, she was never entitled to receive benefits as a dependent, regardless of

6

the Board's posthumous determination that she was a partial dependent at the time of her son's death. See OCGA § 34-9-265 (c) (death benefits are payable "only during dependency"); see also *Zachery v. Royal Indemnity Co*., 80 Ga. App. 659, 661-662 (56 SE2d 812) (1949), overruled on other grounds by, *Freeman Decorating Co. v. Subsequent Injury Trust Fund*, 175 Ga. App. 369 (333 SE2d 204) (1985) (noting that entitlement to workers' compensation depends on the claimant's status and dependency, as well as on the enforcement of the right to the award by filing a claim).

As such, because the mother-in-law had not qualified as a dependent during her lifetime, and could not enforce her right to an award after her death, the terms of the statutory cap were satisfied: Baxter, as the surviving spouse, was the "sole dependent at the time of death" and there was "no other dependent for one year or less after the death of the employee." OCGA § 34-9-265 (d); *see Zachery*, 80 Ga. App. at 662. Accordingly, the Board correctly determined that Baxter's benefits were capped at $150,000 under OCGA § 34-9-265 (d).[5] See *One Beacon Ins. Co. v. Hughes*, 269 Ga. App. 390 (604 SE2d 248) (2004) (statutory cap applies regardless of whether a

---

[5] Baxter's reliance on *Zachery* is misplaced because its facts are wholly distinguishable from the case at hand. There, we held that the decedent employee's mother, who was living at the time, was entitled to receive death benefits as a total dependent where the decedent's spouse waived her claim to the benefits. 80 Ga. App. at 662-663.

dependent spouse elects to receive benefits for 400 weeks or until age 65 under provisions of OCGA § 34-9-13 (e)).

While we conclude that the Board's decision was correct as a matter of law, we further note the deference we give to an administrative agency's interpretation of statutes it is charged with enforcing, as long as its interpretation "comports with legislative intent and is reasonable." (Citation and punctuation omitted.) *Lane v. Williams Plant Svcs.*, 330 Ga. App. 416, 416-417 (1) (a) (766 SE2d 482) (2015); see also *Cook v. Glover*, 295 Ga. 495, 500 (1) (761 SE2d 267) (2014). The Board's conclusion that a posthumous claim of partial dependency will not disturb the statutory cap applicable to sole surviving spouses, as set forth in OCGA § 34-9-265 (d), comports with the provision under OCGA § 34-9-23 that the Act protects employers as well as employees, and is entirely reasonable in our estimation. See *Lane*, 330 Ga. App. at 416-417 (1) (a).

For these reasons, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.